MOLLIE SOKOLOF, APPELLANT, v. FIRST NATIONAL BANK, APPELLEE.

FILED JANUARY 28, 1932. No. 28112.

*H. T. White* and *Mathilde J. K. Long,* for appellant.

*Ziegler & Dunn* and *G. W. Becker, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

PER CURIAM.

This is a personal injury action in which defendant had judgment and plaintiff has appealed.

In her petition plaintiff alleged that defendant was the owner and operator of an office building; that, while she was passing through the lobby of the building to the elevator entrance, she slipped, fell and sustained severe injuries; that her fall was "occasioned by the negligence of the defendant and its agents and servants in this that near the entrance of said elevators and within the lobby of said building one of the porters employed by the defendant had spread soap on the floor of said lobby which soap caused said floor to become so slick that plaintiff in the exercise of due care was unable to maintain her footing thereon and fell sustaining the injuries hereinafter set out. That no warning was given to plaintiff that said soap was spread upon the floor and that defendant well knew that said soap so spread upon the floor constituted a dangerous condition and permitted said dangerous condition to exist without warning to any one using said lobby for the purposes for which it was and is maintained." In its answer defendant admitted that it owned and operated the office building and that plaintiff fell and received some injuries, but denied any negligence.

At the conclusion of all the evidence, the trial court, on motion of defendant, discharged the jury and rendered judgment for defendant. The sole question presented by this appeal is whether there was sufficient evidence of negligence by defendant to require the submission of the cause to the jury.

There is no evidence that any servant, or other person acting for or on behalf of defendant, placed, or caused to be placed, any soap on the floor of the lobby; neither is there any evidence from which such fact could be reasonably inferred; nor is there any evidence that, if soap was upon the floor, any officer, agent or employee of defendant had any knowledge thereof until the time of the accident. It follows that there is no evidence from which negligence on the part of defendant could have been found

by the jury. Consequently, there was no occasion to submit the cause to the jury.

On the record presented, no other judgment could have been properly rendered.

AFFIRMED.