MARY E. BUIE, APPELLANT, V. JUDSON H. BEAMSLEY, DOING BUSINESS AS ROYAL TV RENTAL & SERVICE CO., APPELLEE.

105 N. W. 2d 738

Filed November 10, 1960. No. 34825.

*Crossman, Barton & Norris,* for appellant.

*Cassem, Tierney, Adams & Henatsch,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought by Mary E. Buie in the district court for Douglas County as plaintiff, against Judson H. Beamsley, doing business as the Royal TV Rental & Service Company, defendant, to recover damages for personal injuries sustained by her when she was in the act of crossing a street and was struck by a truck owned and operated by the defendant. The trial court sustained the defendant's motion for directed verdict at the close of plaintiff's case, and dismissed the plaintiff's action. The plaintiff filed a motion for new trial which was overruled. From the order overruling the plaintiff's motion for new trial, the plaintiff appealed.

The plaintiff's petition alleged that on September 22, 1958, at about 3:30 p.m., the plaintiff was walking across Farnam Street from south to north on the west side of Thirty-eighth Street in Omaha, and was at all times within the crosswalk provided for pedestrians; that the defendant was driving his 1958 International panel truck westbound on Farnam Street in the northernmost driving lane; and that when the plaintiff was three-fourths of the way across Farnam Street she was struck on her right hip by the right front fender of the defendant's truck and as a result thereof was injured. Plaintiff's petition further alleged that the defendant was guilty of negligence in the following respects: (1) In failing to yield the right-of-way to the plaintiff as a pedestrian in violation of section 55-4.1 (a) of the Omaha traffic code; (2) in failing to keep a proper lookout for the plaintiff; (3) in operating his truck at such a speed that he was unable to stop before striking the plaintiff; and (4) in failing to divert the course of his truck so as to avoid hitting the plaintiff.

The defendant's answer alleged that on the date as

set forth in the plaintiff's petition he was driving his truck, as described therein, west on Farnam Street in the northernmost driving lane in a careful and prudent manner when the plaintiff suddenly, without warning, ran directly into the path of the defendant's truck and was struck thereby. The defendant's answer denied that he was guilty of any negligence, and further alleged that the sole and proximate cause of the accident was the negligence of the plaintiff which was more than slight in the following particulars: (1) In running from a place of safety into a place of danger directly into the path of the defendant's truck; (2) in running in front of the defendant's truck at a time when she knew or should have known that the defendant could not possibly stop in time to avoid striking her; (3) in failing to keep a proper lookout for oncoming traffic; (4) in entering the intersection at a time when she knew or should have known that she could not safely cross; and (5) in failing to exercise reasonable precautions while crossing said intersection. The answer denied each and every allegation contained in the plaintiff's petition not expressly admitted.

The plaintiff's reply to the defendant's answer was a general denial.

The plaintiff assigns as error that the trial court erred in sustaining the defendant's motion for a directed verdict at the close of the plaintiff's case and in dismissing the plaintiff's cause of action; and that the trial court erred in overruling the plaintiff's motion for a new trial.

The record discloses that the plaintiff was employed by the Child Saving Institute as a nurse's aid, and at the time of trial she was 54 years of age. On September 22, 1958, at about 3:45 p.m., she, as a pedestrian, was involved in an accident when she was struck by the defendant's truck. She was going to Thirty-eighth and Farnam Streets. It was a fair day, the sun was shining in the west, and there was no moisture on the pavement. The temperature was somewhere around 70 de-

grees. The plaintiff testified that Thirty-eighth Street runs north and south and Farnam Street is a one-way street running east and west with three westbound driving lanes, and a parking lane on each side of the street; that she proceeded east on the south side of Farnam Street to the southwest corner of Thirty-eighth and Farnam Streets where she stopped; that she waited on the southwest corner until several cars had passed by; that there was a lull in traffic and she stepped off the curb and proceeded north across Farnam Street; that at that time the closest cars were about a block east; and that she could see to the east as far as the Blackstone Hotel, which she judged to be about a block to the east. When she stepped off the curb she was in the crosswalk, which was unmarked. As she started across the street she was walking normally. She looked to the east for a second time when she reached the middle driving lane and saw cars about a block east of her. She was still in the crosswalk. She further testified that she saw a truck in the north driving lane about half a block to the east of her. She kept on walking and did not stop when she reached the middle driving lane, nor at any time while crossing the street. She again looked to the east, a third time, when she reached the north driving lane. At that time the truck was at the "west corner of the west end of" the Hinky Dinky store which is on the northeast corner of the intersection a few feet east of the exact corner of the intersection which is occupied by a parking lot serving the store. She further testified that the truck was moving at that time. She started to run, and after running about four steps she was struck by the truck while she was still in the crosswalk and about three steps from completing crossing the street. She was facing north when she was struck by the right front fender of the truck on her right hip. Just before she was struck, she heard the wheels of the truck skidding on the pave-

ment and making a screeching noise for about a second or two. She did not hear the sound of a horn.

On cross-examination the plaintiff testified that she was unable to judge the speed of the truck, but that it was coming pretty fast. She was aware that there was a truck coming in the north lane when she was in the middle of the street, and when she heard the brakes being applied on the truck she ran three or four steps. She did not see the truck, but heard it when she started to run. She further testified that she could have stopped at any time before she reached the north driving lane; that she was walking at a normal gait; and that there was no other traffic in close proximity to her.

The following are applicable to the instant case.

"A motion for a directed verdict must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence." Halliday v. Raymond, 147 Neb. 179, 22 N. W. 2d 614.

"When different minds may reasonably draw different conclusions from the same facts as to whether or not they establish negligence or contributory negligence, such issues should be submitted to the jury." Hammond v. Morris, 147 Neb. 600, 24 N. W. 2d 633.

Section 39-751, R. R. S. 1943, provides in part: "The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary line of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices."

We conclude that under the facts as shown by the record in this case, the questions of the negligence of the defendant while driving his truck at the time of the accident, and the contributory negligence of the plaintiff, if any, are questions of fact to be determined by a jury.

For the reasons given herein, the judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.