VIOLET CRAWFORD, APPELLANT, V. WALDEMAR C. SOENNICHSEN, DOING BUSINESS AS SOENNICHSEN'S I.G.A. GROCERY, APPELLEE.

120 N. W. 2d 578

Filed March 22, 1963. No. 35328.

Schrempp & Lathrop and Henry C. Rosenthal, Jr., for appellant.

Edward G. Garvey and James R. McGreevy, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is a negligence action for damages allegedly sustained by the plaintiff on January 26, 1959, as the result of an accidental daytime fall at about 2:30 p.m., on snow and ice ruts present on a store owner's hard-surfaced parking lot maintained by him for the use of customer invitees. At the conclusion of all of the evidence in the case, the trial court directed a verdict for the defendant.

The question presented to this court by the assignments of error is whether or not there was sufficient evidence in the record to warrant submitting to the jury the issue of failure by the defendant store owner to exercise ordinary care for the reasonable safety of the plaintiff, which was the proximate cause of her fall and injuries.

In testing the sufficiency of the evidence for determining the propriety of a directed verdict, the plaintiff is entitled to have all controverted facts resolved in her favor, and she is entitled to have the benefit of every inference that can reasonably be drawn from the evidence. Pupkes v. Wilson, 165 Neb. 852, 87 N. W. 2d 556. Where the facts adduced to sustain an issue are such that but one conclusion can be drawn when related to the applicable law, it is the duty of the court to decide the question as a matter of law and not submit it to a jury. Milk House Cheese Corp. v. Chicago, B. & Q. R. R. Co., 161 Neb. 451, 73 N. W. 2d 679; Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405.

The testimony in this case, insofar as pertinent to the issue presented here, is undisputed. Giving maximum reach to plaintiff's testimony, it proves the following facts: Defendant's retail grocery store has checkout stands at both the front and rear, the rear entrance being to the south. Across an alley to the south, the defendant maintained a parking lot for the use and benefit of employees and customers. The plaintiff was employed in a restaurant abutting the southwest corner of the parking lot. She left her place of employment at about 2:30 p.m., on January 26, 1959, to go to the defendant's grocery store, as she had numerous times before. Plaintiff walked part of the way across the parking lot, noticing patches of snow and spots of pavement, to a point almost across the parking lot and directly south of the rear entrance to the grocery store. She accidentally fell and slipped on some snow ruts at this point. The sole testimony as to the existence and nature of the snow ruts and the condition, which was the occasion of plaintiff's fall, is her own testimony as follows:

"Q. Well, Mrs. Crawford, after you came up and stopped at the ruts, what did you do then? A. Well, for a couple or three seconds I was looking to see which was the best way to go, to go to the store, and I figured that was just as good a place as any because they were

all ruts and I went to step across with my right foot and down I went on the buttocks and that is the last I remember."

She further testified that it was her right foot that slipped. She does not state whether she stepped clear over the ruts or not; but that the ruts were 5 or 6 inches wide and 3 or 4 inches deep; that she had crossed 3 or 4 days prior and this condition was not present; and that if she remembered right it had snowed 3 days before, "* * * I think, it had, if I remember right."

As to the presence of snow, there was testimony from the official weather bureau records at the Omaha Airport and from Nebraska City, to the effect that there was snow of 2.9 inches on January 20 and 21, 1959, and that after the 24th of January, when the temperature went to 50°, the snow went back to a trace.

There is no issue in this case as to the status of plaintiff as a business invitee while crossing the parking lot, or the duty of the business inviter to exercise ordinary care to keep the adjacent parking area in a reasonably safe condition. Broadston v. Beddeo Clothing Co., 104 Neb. 604, 178 N. W. 190; Rogers v. J. C. Penney Co., 127 Neb. 885, 257 N. W. 252; Malolepszy v. Central Market, 143 Neb. 356, 9 N. W. 2d 474. The defendant specifically concedes this, makes no contention as to issue of contributory negligence, and rests his position solely on the proposition that under the law no duty was owed to the plaintiff under the circumstances of this case.

Precisely, then, we address ourselves to the question of the measure of duty the defendant owed the plaintiff under the circumstances. It is elementary that negligence and the duty to use care does not exist in the abstract, but must be measured against a particular set of facts and circumstances. We refer now to the evidence previously recited, and particularly to the fact that this accident occurred at 2:30 p.m., in broad daylight.

In Taylor v. J. M. McDonald Co., 156 Neb. 437, 56

N. W. 2d 610, we classified cases of this nature and stated that the first class consists of cases where *inadequate* lighting of a hazardous condition permitted recovery. A second class of cases extends the range of duty to those cases where the defendant *created* a hazardous condition, such as improperly oiled floor in an aisle, or soap and water on a tiled floor. Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N. W. 811; Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N. W. 260. We have, furthermore, drawn a distinction between conditions existing inside and outside an inviter's place of business, holding, in effect, that the duty as to maintenance of floor conditions is higher inside the inviter's place of business for the reason that invitees are examining merchandise, and that the inviter invites a condition in which their attention is diverted to the inspection of merchandise and the other ordinary incidents of the inviter's business. Glenn v. W. T. Grant Co., *supra;* holding followed and affirmed in Brown v. Slack, 159 Neb. 142, 65 N. W. 2d 382.

Perhaps our closest cases, both denying recovery, are Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565, and Sokolof v. First National Bank, 122 Neb. 892, 240 N. W. 547. In the Thompson case, the plaintiff slipped on a wet and slippery outside step, but there was no showing that the defendant created the condition, or that there was any notice, actual or implied. In the Sokolof case, the plaintiff entered the lobby of a bank building and slipped on a wet and soapy floor, and there was no evidence of creation of the condition, or actual knowledge by defendant.

The distinction between these cases and this one is obvious. Here, we have a condition of natural accumulation of snow from weather conditions, a complete absence of proof as to the creation of the condition by the defendant, no proof of knowledge by the defendant, and conclusive proof by the plaintiff herself of the snowy and rutty condition she encountered in attempting to

cross. Further, the plaintiff testifies that these conditions were not present approximately 3 days before, and then she testifies that she does not remember, but she thinks that it snowed about 3 days before. From this status of the record, it is conjectural and speculative as to when and how the snow ruts, about which the plaintiff testified, came into being. There is no testimony in the record by which a reasonable inference could be drawn of either actual knowledge of this condition by the defendant, or that it existed for a period of time which could charge the defendant with constructive knowledge of the condition.

We feel, therefore, that this case comes within the general rule as to the range of duty as to known and obvious conditions on inviter's premises.

There is no liability on the part of an inviter owner to protect a customer against hazards which are known to the customer and are so apparent that he may reasonably be expected to discover them and to be able to protect himself. Generally, the liability of an owner or occupant of the premises is predicated on proof of his superior knowledge, actual or constructive, of dangers to which invitee is subjected and of which *invitee is unaware*. 38 Am. Jur., Negligence, § 97, p. 757, and cases cited thereunder; Prosser, Torts, p. 642; 65 C. J. S., Negligence, § 50, p. 543.

No Nebraska cases are cited by either counsel covering an invitee parking lot condition resulting from snow and ice accumulations. However, the general rule seems clearly to be that a store owner cannot be charged with negligence by reason of natural accumulation of ice and snow where the condition is as well known to the plaintiff as the defendant. Annotation, 14 A. L. R. 2d 780, notes 6 and 9; Wise v. Great Atlantic & Pacific Tea Co., 94 Ohio App. 320, 115 N. E. 2d 33; Turoff v. Richman, 76 Ohio App. 83, 61 N. E. 2d 486; Levine v. Hart Motors, Inc., 75 Ohio L. Ab. 265, 143 N. E. 2d 602; Brent v. Bank of Aurora, 132 Colo. 577, 291 P. 2d 391; Bersch v. Holton

Street State Bank, 247 Wis. 261, 19 N. W. 2d 175; Oerter v. Ziegler, 59 Wash. 421, 109 P. 1058; Becksted v. Riverside Bank of Miami (Fla.), 85 So. 2d 130; Woods v. Naumkeag Steam Cotton Co., 134 Mass. 357, 45 Am. R. 344; Purcell v. English, 86 Ind. 34, 44 Am. R. 255; Sawyer v. McGillicuddy, 81 Me. 318, 17 A. 124, 10 Am. S. R. 260.

Brevity forbids a review of the above cases and annotations. It is clear that the cases permitting recovery happened at nighttime, or as a result of an unlighted condition, or under circumstances in which the injured person was reasonably unaware of the dangerous condition causing the fall, or under circumstances constituting a trap.

Realizing the lack of authority in this jurisdiction that applies to this situation, the plaintiff cites and argues only two cases in her brief for her position, both from other jurisdictions. In Evans v. Sears Roebuck & Co. (Mo. App.), 104 S. W. 2d 1035, factually the case involved a sloped and inclined driveway on which there was a layer of ice covered by a recent dry snow, and was not observed by the plaintiff until after her fall. Even in that case, the court held that the defendant could not be held liable for the failure to remove the ice and snow from its parking lot. In Morris v. Atlantic & Pacific Tea Co., 384 Pa. 464, 121 A. 2d 135, the facts were that the plaintiff slipped on the parking lot while unloading a pushcart of groceries into her car. In that case, the court, in effect, held that the defendant had created the condition by an inefficient cleaning operation and inferred that there was positive proof that this condition had existed for about 2 days before the accident. That case is the only one we find that in any measure supports the position of the plaintiff. It is distinguishable factually in that here we have no proof by which a reasonable inference could be drawn of the creation of the condition by the defendant or proof of knowledge by the defendant. Despite this, it is noted that there was a

dissent stating that since the plaintiff had full knowledge of the condition, the court was changing the well-established rule of no liability under these circumstances.

The judgment of the trial court holding that there was no liability of the defendant under the circumstances was correct, and it is affirmed.

AFFIRMED.