EVELYN JEFFRIES, APPELLEE, V. SAFEWAY STORES, INC., A CORPORATION, APPELLANT.

125 N. W. 2d 914

Filed January 31, 1964. No. 35567.

L. J. Tierney, Charles F. Gotch, and Cassem, Tierney, Adams & Henatsch, for appellant.

Marks, Clare, Hopkins & Rauth, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained by plaintiff on March 29, 1960, when she fell on the floor of defendant's store at Fifty-first and Leavenworth Streets in Omaha, Nebraska, while patronizing the store. The jury returned a verdict for the plaintiff in the amount of $25,000. The defendant has appealed.

The evidence shows that plaintiff drove to the store and parked her automobile in a parking space on the east side of the building. She walked to the sidewalk along the south end of the building, from which she entered the store by its main door. Plaintiff testified that she had proceeded north through the door and had taken a couple of steps when her left foot slipped and she fell to the floor with her right foot and leg twisted back behind her. She was able to get back on her feet without assistance, and informed the store manager upon his inquiry that she hoped she was not injured. She remained in the store about 30 minutes, after which she went home. She testified that she was badly shaken up and she hurt all over. Her pain continued to increase, and 10 or 12 days later she first saw a doctor. There is no question that plaintiff suffered serious injuries to her lower back, for which she was still being treated on April 9, 1963, the date of the trial of this case.

The evidence shows that March 28, 1960, was the last of 75 consecutive days with 1 inch or more of snow on

the ground in Omaha. It had snowed on the morning of March 29, 1960, but had apparently ceased about 11 a.m. Plaintiff went to defendant's store and entered it about 3 p.m. The snow had been scooped from the sidewalk in front of the store and a mixture of Zorball and calcium chloride had been applied by hand in a manner similar, as testified by the store manager, "like you would feed chickens corn."

Plaintiff testified that she was wearing low-heeled, flat shoes. She was not wearing overshoes. She was wearing a coat. She said she paid no particular attention to the floor as she came into the store and saw nothing on the floor prior to her fall. She did not stomp her feet as she came in, nor clean her shoes on material provided for that purpose. After her fall she observed what she described as a sandy grit under her feet and body. She said it was a gritty, round-shaped, dusty, dirty-colored substance which she asserts was slippery and caused her to fall. She further stated that she remained on the floor for about 3 minutes and then got up by herself. Her evidence is that there was an area about 4 feet by 4 feet that contained this gritty substance. She testified that the store manager at the scene of the accident in the presence of plaintiff said to one of the store employees: "You should have cleaned it up; get a broom and dustpan and clean it up." Plaintiff said the employee swept up the substance in an area 4 feet square or thereabouts, and that the dustpan was completely covered with the sweepings.

The evidence shows that this gritty substance was tracked into the store by customers and employees using the front door of the store. The store manager testified that a mixture of Zorball and calcium chloride was used by all the company stores on sidewalks in front of its stores when the sidewalks were snowy or icy. The calcium chloride was used to melt the ice and snow and Zorball, an absorbent, was used to absorb the moisture to prevent refreezing and a consequent slippery condi-

tion. He testified also that the Zorball was used to prevent slipping and skidding, and accidents that could result therefrom. It was used only on sidewalks and was not used on the interior floors of stores used by customers.

A bag of Zorball was offered and received in evidence. Plaintiff testified that it appeared to be the same as the substance on the floor, except the latter was discolored and mixed with dirt and moisture. An examination of the Zorball in its original package reveals that it is a coarse, hard substance. The surface of each component is not round and smooth, but is irregular and angular. It could be described as gritty, particularly by one walking on it. It appears to be a substance that would improve traction rather than increase any existing slipperiness.

The manager of the store testified that he had been doing book work in the back of the store when he was called to the scene of the accident. He testified that he saw no foreign substance on the floor at that time, that the floor was then swept, and an amount of sweepings which did not cover the bottom of the dustpan was picked up. He testified that the floors were swept each evening after the closing hour and such times during the day as was necessary. He was unable to recall what sweeping had been done prior to the accident because of the passage of time.

The evidence shows that there had been some tracking in of Zorball, dirt, and moisture. There is no evidence that Zorball is a dangerous substance, nor is there any evidence that the manager or any employee knew of the existing condition of the floor previous to the accident. We find no evidence in the record as to when the Zorball was tracked in and became a dangerous condition to the customers of the store.

The defendant asserts that the evidence thus summarized was insufficient to warrant the court in submitting the case to the jury, and that its motions for a

directed verdict made at the close of plaintiff's evidence and at the close of all the evidence, and its motion for judgment notwithstanding the verdict, should have been sustained.

Plaintiff as a customer of the store was an invitee. A storekeeper is not an insurer of the safety of his customers. His liability is for his own negligence. The question to be first determined is whether or not there was sufficient evidence of negligence on the part of defendant to sustain the action of the trial court in submitting the case to the jury. In determining this question we shall follow the familiar rule that, in testing the sufficiency of evidence to support a verdict, it must be considered in the light most favorable to the successful party.

This court has held the applicable rule in this class of cases to be: Where foreign substances on the floor of a store used by customers create a hazardous condition, the storekeeper is ordinarily liable if the condition was created by the storekeeper or his employees. When the condition results from the conduct of the public, a storekeeper can be held subject to liability only for a negligent omission on his part to remove the hazard created after he knows of it, or, by the exercise of reasonable care, should have known of its existence. The duty of a storekeeper to an invitee is to use reasonable care to keep the premises reasonably safe for the use of the invitee, but he is not an insurer against accident. An owner of a store is not required to follow customers around his store to gather up debris cast away or carried into the store by customers. To place such a burden upon a storekeeper would make him an insurer of the safety of his customers. His duty is to use reasonable care to keep the premises in a safe condition. Taylor v. J. M. McDonald Co., 156 Neb. 437, 56 N. W. 2d 610; Belder v. Omaha & C. B. St. Ry. Co., 132 Neb. 415, 272 N. W. 220. See, also, Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578.

This is not a case where it is contended that the defendant created a dangerous or slippery condition on the floor of the store by the use of a substance on the floor which he knew, or should have known, to be inherently dangerous. There is no evidence here that Zorball is a dangerous product to use on snowy and icy sidewalks, or that the manager and employees knew or should have known of any potential danger in its use.

It is established by the plaintiff's evidence that snow had fallen on the morning of the accident. Customers had frequented the store since it was opened at 8:30 a.m. It is evident that customers, and possibly employees as well, had tracked in snow, dirt, and Zorball near the entrance to the door. That this was a likely occurrence was known to all. For the purposes of this case we accept the statement of the plaintiff that she slipped on the tracked-in Zorball and was injured. It is not negligence per se on the part of a storekeeper if customers track in snow, mud, moisture, or Zorball. To impose such a liability upon a storekeeper would require constant sweeping and mopping in bad weather behind each customer as he enters the store. It would in effect require the storekeeper to insure the safety of every customer who enters the store. The liability of the storekeeper in such a situation arises when he knows that a potentially dangerous situation has been created, or that it had been upon the floor for such a period of time that the storekeeper in the exercise of ordinary care should have known of it and either removed the danger or warned the customer of it. This is the rule of this court and many other jurisdictions as well. See, Dudley v. Montgomery Ward & Co., 64 Wyo. 357, 192 P. 2d 617; Grace v. Jordan Marsh Co., 317 Mass. 632, 59 N. E. 2d 283; Castillo v. Baker's Shoe Stores, Inc. (Fla.), 115 So. 2d 427; Morgenstern v. F. W. Woolworth & Co., 186 N. Y. S. 2d 747, 19 Misc. 2d 739; O'Brien v. H. L. Green Co., 128 Conn. 68, 20 A. 2d 411.

There is no evidence in this case that the defendant

or its employees knew of the tracking in of snow, dirt, or Zorball in excessive quantities prior to the happening of the accident. There is no evidence as to the length of time the condition had existed from which the jury might infer negligence on the part of the storekeeper in not discovering it and taking steps to eliminate it, or warn of its existence. Assuming that plaintiff fell on the floor which was made slippery by Zorball tracked in by customers entering the store, it would be insufficient of itself to sustain a judgment. The evidence must show that defendant's employees or servants had knowledge of the condition prior to the time of plaintiff's fall, or that the condition had existed for such a period of time that they should have known of it and corrected it. In the absence of such evidence there is no negligence shown on the part of defendant.

Plaintiff cites Taylor v. J. M. McDonald Co., *supra,* in support of her position. This was an action for damages for injuries sustained in a fall in defendant's store. The evidence showed that plaintiff entered defendant's store as a customer. She slipped on a wad of gum on the floor of one of the aisles in the store. The gum had evidently been thrown on the floor by a customer. The evidence conclusively established that the gum had been on the floor more than 2 weeks. A verdict for plaintiff was sustained on the ground that, although the storekeeper did not know of the existence of the gum on the floor, the jury could properly find that it had been there for such a period of time that he should have known of it and removed it from the floor. The case is not only distinguishable on its facts, but it points up the proper rule to be applied in determining whether or not there was evidence of negligence in this class of cases.

We hold that there was no evidence that defendant failed in its duty to use reasonable care to keep its store in a reasonably safe condition. For the reasons stated, the judgment of the district court is reversed and

the cause remanded with directions to sustain defendant's motion for judgment notwithstanding the verdict. REVERSED AND REMANDED WITH DIRECTIONS.