J. WILSON NANCE, APPELLANT, v. AMES PLAZA, INC., ET AL., APPELLEES.

128 N. W. 2d 564

Filed May 15, 1964. No. 35603.

Eisenstatt, Lay, Higgins & Miller, for appellant.

Kennedy, Holland, DeLacy & Svoboda, David A. Svoboda, and Stoehr, Rickerson, Sodoro & Caporale, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by J. Wilson Nance, plaintiff and appellant, against Ames Plaza, Inc., a corporation, defendant and appellee, in which the plaintiff seeks to recover damages for injuries alleged to have been sustained on account of negligence of the defendant Ames Plaza, Inc. The American Insurance Company is named in the action as third party defendant but it is not involved in any subject matter to be determined on any matter before the court on the appeal herein. Therefore for the purposes of this opinion the other parties will be referred to as plaintiff and defendant.

The case was tried to a jury and at the conclusion of the evidence of the plaintiff the defendant moved that the court render an order dismissing the plaintiff's petition or in the alternative that a verdict be directed in favor of the defendant.

This motion was sustained on the ground that the evidence of the plaintiff did not sustain his cause of action and further that the evidence showed that the plaintiff was guilty of contributory negligence which as a matter of law defeated a right of recovery by him. Judgment was accordingly rendered.

A motion for new trial was duly filed which was by

the court overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed. As grounds of appeal the plaintiff set forth four separate assignments of error. In total substance the contentions are that the evidence of plaintiff was sufficient to sustain his pleaded cause of action, and that the court was in error in its conclusion that evidence of contributory negligence was sufficient as a matter of law to defeat a recovery.

For his cause of action the plaintiff pleaded in his petition that on December 20, 1961, he was as a salesman on the premises of the defendant which operated on premises at 5620 Ames Street, Omaha, Nebraska, which is a shopping center on and in which there are a number of buildings, including an office building which is leased to various tenants, and that adjacent to this building there is maintained a parking area and a sidewalk. He further pleaded that at about 12:45 p.m. he stepped upon the sidewalk so maintained with the intention of entering the office building, and that he stepped on the sidewalk which appeared to be free of ice but it was very icy, slippery, and dangerous, as a result of which he lost his balance which caused a twisting of his body violently, and from which he suffered severe and permanent injuries.

He charged as negligence on the part of the defendant failure to warn the public and the plaintiff that the sidewalk was in a dangerous and slippery condition; in failing after knowing or after it should have known of the icy condition to remove the ice and particularly in the light of the knowledge it had of the character of the sidewalk; and in failing to place sand or other abrasive substance on the sidewalk in the light of knowledge it had of a slope in the sidewalk which would make the area dangerous when icy. This is a full and complete summary of the factual allegations of the petition related to cause, of the area of the premises in-

volved, and the construction and the existing conditions thereon.

As to the facts, it is not possible to set forth herein with adequacy or assured accuracy a statement of facts which will cover the field of either law or of facts. Evidence of pertinence in important areas is in instances but fragmentary and in others nonexistent. In truth it may not be said with any degree of certainty where the location of the area on the sidewalk on which the plaintiff fell is, or even the location of the particular sidewalk.

The best information available from the record is that the defendant occupies an area to the north of Ames Avenue extending from Fifty-sixth Street on the east to Fifty-ninth Street on the west. The distance of the area from south to north is not disclosed.

On the 19th of December 1961, there had been snow, the extent of which has not been disclosed, and it was admitted that the defendant recognized it as a duty to keep usable areas generally clear of snow. There is no evidence that there had been a failure in this respect prior to the time of the accident involved in this case.

Near noon on December 20, 1961, the plaintiff as a salesman in the due course of his occupation drove into the Plaza and parked his automobile facing west, around the corner from the entrance of a building which is designated as "B." This building "B" is adjacent to Fifty-sixth Street. He got out of his automobile and walked around behind it over to the eastern doorway of a bowling alley and had his lunch.

The exact location of the bowling alley is not disclosed but on departure from his car he walked across packed snow to a sidewalk on the south side of the bowling alley which sidewalk is to the north of building "B" which he crossed and went into the bowling alley.

On leaving the bowling alley after lunch he left through the main entrance on the south side of the bowling alley. On coming out of the bowling alley he

walked across a sidewalk in front thereof which was under a canopy and that portion of this sidewalk was clear. After crossing this sidewalk he headed for a sidewalk which was straight south over an area packed with snow. This area is referred to as a street. He was headed for his automobile. Instead of continuing to the parked car in the street he approached an east-west sidewalk which would probably have led to the location of his automobile, and observing casually its condition he stepped over a bank or ridge of snow along the edge of the walk but not on it where he slipped and fell. In stepping over the snow he also stepped over a curb at the outer edge of the walk of a height of about 6 inches. Just what direction he would have been required to take to reach his automobile cannot be ascertained from the record.

The sidewalk toward which the plaintiff walked was about 7 or 8 feet in width and it extended at least 86 feet, and it was 3 feet lower over this distance at one end than at the other, with the slope to the westward. This is the walk with which we are apparently concerned in this case.

When the plaintiff approached the walk he saw no snow on it and on casually looking at it, it appeared to be clear. The walk was light-colored concrete. After he fell he noticed a thin glaze of ice. As the plaintiff reached within 2 or 3 feet of the location he was looking ahead normally and the sidewalk looked normal, "like a perfectly normal concrete sidewalk." After he fell he observed that the ice appeared to extend about 15 feet to the west and an unestimated distance to the east. There was no evidence that there was anything to indicate that the point where the plaintiff stepped onto the sidewalk was a prepared or designed location for departure from the street or approach to the sidewalk particularly to enter on the sidewalk or any other location. For the purposes of the questions involved on

this appeal the later acts of the plaintiff are not of concern here.

A deposition of one Helen Rigdon was read in evidence. She was at the time of this occurrence an employee of Dr. Murray F. Minthorn, the customer on whom the plaintiff proposed to call on the premises of the defendant. She testified that on the morning of December 20, 1961, she talked to one Roland Waite, an employee of the defendant in charge of maintenance, and told him that betwen 5:30 and 6 p.m., the day before, she slipped on a sheet of ice on the sidewalk outside of her employer's office as she was going to her car. The location of the ice was not more clearly placed. She said that at the time she slipped: "There was snow and ice packed on it." There is an absence of evidence that there was any snow at any location on the walk at the time of plaintiff's fall.

The plaintiff urges that by a proper application of legal principles to the evidence, an effort of which has been made to state and review, he was entitled to have his case submitted to a jury for consideration and determination.

At the outset, as the plaintiff asserts, it will be said that in the determination by the court of the question of whether or not a motion for directed verdict or for dismissal should be sustained for the reason that the evidence was insufficient for submission to a jury, the party against whom it is directed is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can be reasonably deduced from the facts in evidence. See, Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820; Larsen v. Omaha Transit Co., 165 Neb. 530, 86 N. W. 2d 564. The plaintiff was and is entitled to have the case here considered pursuant to this rule.

The substantial theory of liability upon which the plaintiff depends is that at all times involved here he was a business invitee on the premises of the defendant,

and that the defendant as inviter failed under the circumstances to exercise the care required to render the premises safe and to protect him from injury and damage.

A business inviter owes the duty to exercise ordinary care to keep the approaches to his place of business, maintained by him for the use of patrons and customers properly on the premises, in a reasonably safe condition. Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578; Thompson v. Y.M.C.A., 122 Neb. 843, 241 N. W. 565; 38 Am. Jur., Negligence, § 96, p. 754. In succeeding paragraphs in American Jurisprudence is an extended discussion of the rights and liabilities of an inviter and an invitee under varying conditions.

In a case of this character the burden is on the plaintiff to prove negligence on the part of the defendant. There is no presumption of negligence, and the doctrine of res ipsa loquitur has no application. Thompson v. Y.M.C.A., *supra;* Crawford v. Soennichsen, *supra;* In re Estate of Bingaman, 155 Neb. 24, 50 N. W. 2d 523; Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648; Hutsell v. Edens, 172 Neb. 592, 111 N. W. 2d 388.

In the instance here the defendant had the duty to exercise ordinary care, in the light of what it knew or reasonably should have known to protect the plaintiff from danger or to notify him of such danger while he was rightfully on the premises and engaged properly in the performance of the purpose of his presence. If however the conditions and circumstances are such that the invitee has knowledge of the condition in advance, or should have knowledge comparable to that of the inviter then it may not be said that the inviter is guilty of actionable negligence. Collins v. Sprague's Benson Pharmacy, 124 Neb. 210, 245 N. W. 602; Lindelow v. Peter Kiewit Sons', Inc., 174 Neb. 1, 115 N. W. 2d 776; Crawford v. Soennichsen, *supra.*

Here the action is related to a claimed accumulation of ice and snow. A rule applicable in such a situation is that an inviter with relation to common outside areas

may not be charged with negligence by reason of natural accumulations of ice or snow which are open and obvious. Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N. W. 811; Crawford v. Soennichsen, *supra.*

From the record of the evidence reviewed herein it is made clear that the passage which the plaintiff followed from the bowling alley to the point of the accident has not been shown to be one which was in general use as it was used at the time by the plaintiff. It has not been shown that the alleged icy area was designated for or used as a passage or path from the street over the curb onto the sidewalk. The testimony was that there was nothing which gave it that appearance, and the ice thereon was not observable except on close inspection. There was no evidence of snow on the walk but only ice. There was evidence of snow outside and up to the curb of the street but not on it.

From these facts and circumstances appearing it may not well be said under the rules of law stated in the cases cited herein with reference to the duties owing by an inviter to an invitee that the defendant was guilty of negligence in failing to make safe the passage which the plaintiff took from the bowling alley to the place of the accident, or in the failure to know that a dangerous condition insofar as the plaintiff was concerned existed.

There is nothing on which to base a finding that reasonably the defendant was under a greater duty to know or to ascertain the true condition than the duty which devolved on the plaintiff. The plaintiff had the duty in the light of his testimony to observe and take precautions in the interest of his own safety at least the equal of that imposed on the defendant.

Substantially the plaintiff contends that defendant had knowledge and was given notice which required it in the exercise of ordinary care to relieve against the condition. The contention is not sustained by the evidence.

It is true that a witness gave testimony that after the

snowfall on December 19, 1961, on that date somewhere in this vicinity she slipped on packed snow and ice. The following morning she called this to the attention of an employee who had the duty to care for these premises. Whether or not this was in the area involved here does not appear. It does appear however that on the area at the time plaintiff had his accident there was no snow but only a thin transparent coating of ice. It becomes apparent that either the area referred to by the witness was not the one on which the plaintiff fell, or that the employee had responded to the warning, removed the snow before the accident, and left the transparent coat of ice. In any event it cannot well be said that this testimony showed negligence of which the plaintiff was entitled to have the benefit as an invitee on these premises.

In the light of the evidence as it has been summarized herein, the observations made, and the controlling principles of law the conclusion is reached that the district court properly dismissed the action.

The judgment is therefore affirmed.

AFFIRMED.