DOROTHY I. BRANDERT, APPELLANT, v. SCOTTSBLUFF NATIONAL BANK AND TRUST COMPANY, A CORPORATION, DEFENDANT AND THIRD PARTY PLAINTIFF, APPELLEE, v. ABRAHAM ESCAMLLA, DOING BUSINESS AS NATIONAL JANITORIAL SERVICE, DEFENDANT AND THIRD PARTY DEFENDANT, APPELLEE.

235 N. W. 2d 864

Filed December 4, 1975. No. 40074.

Meister & Morrison, for appellant.

Wright & Simmons, for appellee Scottsbluff Nat. Bank & Trust Co.

Holtorf, Hansen, Kovarik & Nuttleman, Robert M. Harris, and Byron J. Grogan, for appellee Escamilla.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and BRODKEY, JJ., and TESAR, District Judge.

WHITE, C. J.

This is a negligence action against the Scottsbluff National Bank and Trust Company for injuries suffered when the plaintiff fell on some ice in front of the bank. The District Court directed a verdict for the defendants. The plaintiff appeals that decision. We affirm the judgment of the District Court.

The plaintiff, Mrs. Brandert, on December 24, 1968, came to work at the greenhouse which she and her husband owned in Scottsbluff, Nebraska. Around noon, it started to mist, and the mist soon began to freeze. Mrs. Brandert was continually running "in and out all day," and testified that she noticed it was slippery outside. In fact, during the day, Mrs. Brandert was with a woman who slipped and fell because of the icy conditions. At approximately 6:30 p.m., the plaintiff and her husband left the greenhouse and stopped at the bank to make a deposit. It being Christmas Eve, the bank was closed, and so the plaintiff used a mailer wallet, furnished by the bank, to make the deposit. This procedure involved placing the mailer wallet in an envelope furnished by the bank and then slipping it into the envelope depository. This depository was a slot on the out-

side of the bank building into which envelopes could be dropped. As the plaintiff approached the bank, she walked very carefully due to the icy conditions. However, as she reached to place the envelope in the depository, she slipped and fell, injuring her forearm and wrist. The plaintiff brought this negligence action against the bank seeking to recover damages for her injury.

The plaintiff argues that there was sufficient evidence of negligence on the part of the bank to submit the issue of its negligence to the jury.

A business inviter owes a duty to exercise ordinary care to keep the approaches to his place of business reasonably safe for the use of customers. Maxwell v. Lewis, 186 Neb. 722, 186 N. W. 2d 119; Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578. However, there is no liability on the part of an inviter owner to protect a customer against hazards which are known to the customer and are so apparent that he may reasonably be expected to discover them and be able to protect himself. Crawford v. Soennichsen, *supra.* In Nance v. Ames Plaza, Inc., 177 Neb. 88, 128 N. W. 2d 564, we said as follows: "If however the conditions and circumstances are such that the invitee has knowledge of the condition in advance, or should have knowledge comparable to that of the inviter then it may not be said that the inviter is guilty of actionable negligence."

The application of these general rules to fact situations involving natural accumulation of ice and snow is stated in Crawford v. Soennichsen, *supra,* as follows: "Generally, a store owner may not be charged with negligence by reason of the natural accumulation of ice and snow due to weather conditions, where he has not created the condition, and where the hazardous condition is as well known to the invitee as to the store owner."

Applying these principles to this case it is clear that the plaintiff had as much knowledge as the defendant

concerning the dangerous condition. In fact, the plaintiff was completely aware of the danger. The plaintiff testified that she "had been in and out all day" and had noticed the icy conditions. While outside, she was with a woman who slipped and fell on the ice. The plaintiff testified that when she walked up to the point of the insertion of the deposit envelope at the bank, she was walking very carefully, "like I was walking on eggs."

Assuming that the defendant was knowledgeable of these conditions, it is conclusive that the plaintiff was just as aware of the danger of crossing the snowy and icy conditions as was the defendant. The condition was as well-known to the plaintiff as to the defendant, and there is no proof of the defendant's superior knowledge, actual or constructive, to which the plaintiff was subjected. There is no contention that the defendant bank created the condition within the meaning of the rule announced above. The District Court was correct in directing a verdict for the defendants on the issues of actionable negligence.

The plaintiff cites Maxwell v. Lewis, *supra,* where the plaintiff slipped on the defendant's icy steps. In Maxwell, this court reversed a directed verdict for the defendant. However, the facts in that case are clearly distinguishable. In Maxwell, when the plaintiff entered the defendant's beauty parlor, the steps *were not icy,* but when she left later in the day, the temperature had dropped and ice had formed on the steps. The evidence disclosed the *defendant was aware* that on warm days snow melted from the roof, accumulated on the steps, and formed ice when the temperature dropped later in the afternoon. The *plaintiff was not aware* of this occurrence, and therefore, it appeared that the defendant had superior knowledge of the dangerous condition. However, as discussed above, in the instant case, the plaintiff's knowledge was at least equal to the defendant's knowledge of the icy condition.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.