MARY HECK, APPELLANT, v. AMERICAN COMMUNITY STORES, APPELLEE.

254 N. W. 2d 410

Filed June 8, 1977. No. 41033.

J. Michael Fitzgerald of Matthews, Kelley, Cannon & Carpenter, for appellant.

John A. Rickerson of Rickerson & Welch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is an action for personal injuries which plaintiff sustained as the result of a fall in a parking lot outside the defendant's store. The jury returned a verdict for the plaintiff for $36,000. Defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The District Court sustained the motion for judgment notwithstanding the verdict and plaintiff has appealed.

At about 10 a.m., on the morning of July 5, 1973, the 54-year-old plaintiff, Mary Heck, and her husband drove to the defendant's store at 72nd and Dodge Streets in Omaha, Nebraska. The store faces Dodge Street to the south and the parking lot is between Dodge Street and the store. There is a 6 to 8 foot sidewalk along the south side of defendant's store. At the south edge of the sidewalk is a concrete incline 2.65 feet wide which slopes down approximately 5 inches at a 19 percent grade to the lower elevation of the parking lot. The incline has sandpaper strips in the area in front of the doors of the store. The parking stalls in the parking area immediately south of the incline each contain a con-

crete curb or wheel stop approximately 3 feet long and 5 inches high. The curb stops are held in place by steel bars 5/8's of an inch in diameter, one at each end. The curb stops are painted yellow and yellow diagonal stripes are painted on the incline every few feet.

Plaintiff and her husband parked their car in the southeast corner of the parking lot and walked into the store through the east door. They purchased groceries which were placed in one sack. Plaintiff, carrying the sack of groceries and her purse, followed her husband out the east door of the store, turned at an angle to the southeast to go directly to the car, walked across the sidewalk, and had taken one step on the incline when she fell forward. Her left knee struck the steel bolt or bar, which protruded 3/5's of an inch from the top of the first curb stop to the east of the east entrance to the store. Plaintiff shattered her kneecap which was later surgically removed.

The day was warm and dry and there was no water or artificial substance on the sidewalk or the incline. Plaintiff had shopped at the store at least once a week for approximately 5 years and was familiar with the area. After her fall, plaintiff saw "little pebbles and twigs and sandy stuff" on the incline or slope.

The case was submitted to the jury. The jury returned a verdict for the plaintiff for $36,000. The defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The District Court sustained the motion for judgment notwithstanding the verdict and entered judgment for the defendant. Plaintiff has appealed asserting that the District Court erred in sustaining the motion for judgment notwithstanding the verdict.

The only specific allegation of defendant's negligence which was submitted to the jury was that defendant failed to provide for its customers a reason-

ably safe exit and exitway as required by the Omaha municipal building code in that the ramp or incline between the sidewalk and the parking lot had a slope of 19 percent in violation of the code. Various sections of the Omaha municipal building code were received into evidence over objection by the defendant. The code sections were adaptations of the National Building Code. The latest National Building Code was 1967, and the relevant sections provide: "601.1 b Exit way means the exit doorway or doorways, * * * together with connecting hallways or stairways, either interior or exterior, or horizontal exits, by means of which occupants may proceed safely from a room or space to a street or to an open space which provides safe access to a street. * * *."

Section 608 provides: "Ramps used in place of stairways shall be constructed and enclosed as required for the stairways displaced. Ramps used in exits (sic) ways shall have a slope not to exceed 1 foot in 10 feet and shall be provided with nonslip surfaces."

Plaintiff contends that the municipal building code provisions quoted, which require a 10 percent maximum slope, applied to the incline or slope involved here. The chief building inspector for the City of Omaha testified that the slope involved in this case was not in an exitway, and that the construction of the slope or incline here was not in violation of the building code. The District Court, in granting the motion for judgment notwithstanding the verdict, specifically found that the "evidence relative to the Omaha Building Code was not applicable to the slope in question in this case." We agree.

The issue then becomes one of whether the evidence was sufficient to go to the jury. Plaintiff argues that the presence of the protruding steel bar was sufficient evidence of negligence to take the case to the jury. The problem here is that there was a failure of proof as to the cause of plaintiff's fall

and a failure of proof that the steel bar had any causal connection. The plaintiff herself did not know how or why she fell.

In this case the plaintiff was familiar with the parking lot and the approaches to the store and had been for approximately 5 years. The slope or incline was not only known to her, but was open and obvious to anyone. There is no liability on the part of an inviter owner to protect a customer against hazards which are known to the customer and are so apparent that he may reasonably be expected to discover them and be able to protect himself. Brandert v. Scottsbluff Nat. Bank & Trust Co., 194 Neb. 777, 235 N. W. 2d 864; Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578.

The owner of premises has a legal duty to exercise ordinary care to keep the premises reasonably safe for the use of a business invitee but is not an insurer of the safety of invitees. The mere fact that an invitee falls at the entrance of a building where a difference in level is present does not raise a presumption of negligence. Gorman v. World Publishing Co., 178 Neb. 838, 135 N. W. 2d 868; Whitcomb v. State Fed. Sav. & Loan Assn., 190 Neb. 26, 205 N. W. 2d 652.

The action of the District Court in sustaining the motion for judgment notwithstanding the verdict was correct and is affirmed.

AFFIRMED.