GLORIA MAY, APPELLANT, v. HALL COUNTY LIVESTOCK
IMPROVEMENT ASSOCIATION, APPELLEE.
344 N.W.2d 629

Filed February 17, 1984. No. 82-581.

Roger Lott of Muffly, Lott & Oglesby, for appellant.

James A. Beltzer of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

BOSLAUGH, HASTINGS, SHANAHAN, and GRANT, JJ., and CAMBRIDGE, D.J.

CAMBRIDGE, D.J.

This is an appeal in a slip and fall case. The trial court sustained the defendant's motion for a directed verdict at the close of the plaintiff's case.

The plaintiff has appealed, contending that the evidence presented by her was sufficient at law to sustain a jury verdict against the defendant for damages.

As we must, we assume the truth of the material and relevant evidence presented by the plaintiff, find every controverted fact in her favor, and give her the benefit of every reasonable inference deducible from the evidence. *Syas v. Nebraska Methodist Hospital Foundation*, 209 Neb. 201, 307 N.W.2d 112 (1981).

On April 12, 1977, the plaintiff attended the horseraces at Fonner Park Racetrack, Grand Island, Nebraska. The defendant owned and operated the park. The plaintiff, in addition to paying the general charge for admission into the grandstand, paid for admittance into a reserved area thereof, enclosed by metal railings, where there were tables and chairs from which the races could be observed. The area had a cement floor. Food, soft drinks, and beer, purchased either at concession stands located in the area or from waitresses who served the tables, were consumed in the area. The plaintiff sat at one of those tables, and on various trips from and to the table she saw "slippery places" and liquid on the cement in the areas around her table but not near her table; she never looked under her own table before the accident to see if there was any liq-

uid under the table or around her chair. The plaintiff stood up most, if not all, of the sixth race, and when she saw that the horse she had bet was going to win, she started to take steps to go, and her left foot slipped; she tried to break her fall by catching the leg of the table with her right foot, but did not succeed. After regaining consciousness the plaintiff recalled that the bottom or lower part of her right pantleg was wet. According to the food concession manager, who arrived on the scene while the plaintiff was still lying on the floor and who remained there until the plaintiff had left, there were no spills, liquids, or debris of any kind on the floor where the plaintiff had fallen, and the floor was dry; and when spills did occur, there was a procedure for cleaning them up. As a result of the fall, the plaintiff sustained head injuries and a broken right hip with complications in the healing of that fracture.

The defendant was not an insurer of the safety of business invitees on its premises. It is well-established law in this state that a possessor of premises is under a duty to use reasonable care to make his premises safe for a business visitor or to give him adequate warning to enable him to avoid harm when certain conditions are true. See NJI 8.22 and 8.23 and the authorities cited thereunder. As stated by the court in *Syas v. Nebraska Methodist Hospital Foundation, supra* at 203-04, 307 N.W.2d at 114, in referring to NJI 8.22: "This instruction tracks Restatement (Second) of Torts § 343 (1965):

" 'A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

" '(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

" '(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

" '(c) fails to exercise reasonable care to protect them against the danger.'

"Our cases are consistent. See, *Crawford v. Soennichsen*, 175 Neb. 87, 120 N.W.2d 578 (1963); *Brandert v. Scottsbluff Nat. Bank & Trust Co.*, 194 Neb. 777, 235 N.W.2d 864 (1975)."

The plaintiff contends in her brief to this court that something wet on the floor caused her to slip and fall, but the bill of exceptions in this case simply does not support that claim. It is apparent from the foregoing recital of facts that the plaintiff failed to produce any evidence which could have reasonably satisfied the jury that the physical harm suffered by the plaintiff was caused by a condition or activity on the defendant's premises. Giving full weight to all of the plaintiff's evidence and all inferences reasonably deducible therefrom, it can be concluded that such conditions and activities did in fact exist on the defendant's premises at the time in question, but there is literally no evidence in the record establishing that any one of them was the proximate cause or a proximately contributing cause of the plaintiff's slip and fall and the physical harm which resulted therefrom.

Where the facts presented to sustain an issue are such that but one conclusion can be drawn when related to the applicable law, it is the duty of the court to decide the question as a matter of law and not submit it to a jury. See *Syas v. Nebraska Methodist Hospital Foundation*, 209 Neb. 201, 307 N.W.2d 112 (1981).

In view of the foregoing it is unnecessary for this court to rule upon the plaintiff's contention that because of the manner in which business was being conducted on the defendant's premises, she should not be required to prove that the defendant had either actual or constructive knowledge of the condition or activity which purportedly caused her to slip and fall. In each of the cases cited by the plaintiff in support of that contention, i.e., *Ciminski v. Finn*

*Corp.*, 13 Wash. App. 815, 537 P.2d 850 (1975), and those in Annot., 85 A.L.R.3d 991 (1978), the condition on the premises causing physical harm had either been proved or was genuinely at issue.

AFFIRMED.