REQUESTED BY: Senator John DeCamp Nebraska State Legislature State Capitol Room 1116 Lincoln, NE 68509
Dear Senator DeCamp:
This is in response to your letter of November 26, 1984, concerning the passage of legislation to implement Amendment 4 to the Constitution of the State of Nebraska. Amendment 4 permits the Legislature to make a separate classification of agricultural land, which in turn was intended to allow agricultural land to be valued in a different fashion than other property.
Your question concerns the potential failure of the Legislature to implement such legislation prior to April 1, 1985. Under the current statutory scheme for property taxation in Nebraska, the actual valuation and assessment process must be completed no later than April 1. Under Neb.Rev.Stat. § 77-1315 (Supp. 1984) the county assessor shall complete his revision of the assessment rolls and file them with the county clerk as of this date. In addition the statute also requires that notice be sent to all property owners whose values have been increased for that year, prior to April 1. Any legislation which would change the values of agricultural land for the 1985 tax year would thus have to be effective prior to April 1, 1985, and as a practical matter, if the new method of valuation is to be implemented so as to actually be placed on the tax rolls by April 1, the assessor must have some time in which to perform this function prior to April 1. Likewise, if the Legislature also requires certain actions to be taken by the Department of Revenue for the implementation of this legislation, then time must be allowed for this function as well. In this regard, your interpretation of the present law is correct.
Your specific question is what values would the assessors be required to use for agricultural land should the Legislature fail to pass such legislation implementing Amendment 4 prior to April 1, 1985. The answer to this question will be based upon the presumption that the Legislature in turn does not enact legislation changing the current schedule of dates for property taxation in the State of Nebraska.
All property in the state is presently required to be valued at actual value or as interpreted by the Supreme Court, market value. Kearney Convention Center v. Boardof Equalization, 216 Neb. 292, 344 N.W.2d 629 (1984), and the assessors would thus be required to value agricultural land accordingly. Presently Neb.Rev.Stat. § 77-1330 (Supp. 1984) requires the assessors to use the various guides prepared by the Tax Commissioner in the performance of their duties. Assuming that the Tax Commissioner has prepared and actually issued such a guide concerning agricultural land values for 1985, as has been done in the past and as you have indicated in your letter has been done for 1985, then the assessors would be required to use these guides in valuing agricultural land.
Sincerely, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General