**MISSOURI PACIFIC RAILROAD COM-PANY, Appellant,**

v.

**CORPUS CHRISTI HARDWARE COM-PANY, Appellee.**

**No. 298.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 30, 1967.

Leslie S. Lockett, of Kleberg, Mobley, Locket & Weil, Corpus Christi, for appellant.

James C. Watson, of Keys, Russell, Watson & Seaman, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Kleberg County, Texas, sustaining two pleas of privilege filed by Corpus Christi Hardware Company and transferring the case to Nueces County, Texas. Appellant relies upon subdivision 9a, Article 1995, Vernon's Ann.Civ.St., to sustain venue in Kleberg County, Texas.

This suit was brought by Venturo Joe Abila, guardian of the person and estate of Crispin Abila in the district court of Kleberg County, Texas, originally complaining of the defendant Missouri Pacific Railroad Company. After that defendant filed a third-party petition against Corpus Christi Hardware Company, the plaintiff amended and named both Missouri Pacific Railroad Company and Corpus Christi Hardware Company as party defendants. Corpus Christi Hardware Company then filed separate pleas of privilege as defendant and third-party defendant asserting that venue was in Nueces County, Texas, which pleas were duly controverted.

The accident out of which this suit arose occurred substantially as follows: On December 17, 1965 a truck trailer of Hardware Company was then being driven by its employee V. L. Devones, Jr., in a southerly direction on Highway 77 by-pass which lies east of Kingsville, Texas, in Kleberg County. At the intersection of said Highway 77 with the Military Road, which runs generally east-west, a pick-up truck of Railroad traveling eastward and approaching from the right of the Hardware truck-trailer ran through a stop sign and collided with the front portion of the truck-trailer, which then turned over and skidded into a Falcon automobile approaching on Highway 77 from the south. It was alleged that Crispin Abila was an employee of defendant Railroad and a passenger in its pick-up truck at the time of the accident.

It is apparent from the present record that the collision was caused by the negligence of the driver of the Railroad pick-up in failing to stop before entering the intersection in question. In order to defeat Hardware Company's pleas of privilege it was essential under subdivision 9a, Article 1995, V.A.C.S., for appellant to secure findings or establish conclusively that the driver of the Hardware truck also was guilty of negligence which proximately caused the collision. Findings of fact and conclusions of law were neither requested nor filed. Appellant concedes that the implied findings of the trial court are unfavorable to it on such issues but contends that it carried the burden to sustain venue in Kleberg County, Texas, because the evidence conclusively established that the truck driver of the Hardware Company truck-trailer was guilty of negligence which proximately caused the collision (1) in failing to keep a proper lookout, (2) in failing to sound the horn of his vehicle,

and (3) in failing to make a timely and proper application of his brakes.

At the hearing below the deposition testimony of three witnesses to the accident was offered, i. e., V. L. Devones, Jr., Lt. Ted Beckwith and Mrs. Beverly Beckwith, together with two photographs and a diagram.

Devones testified in substance that there is a railroad track which crosses Highway 77 located just north of the Military road and running parallel to it; that he had been traveling toward the south at about 45 miles per hour and as he approached the railroad crossing he slowed to about 35–40 miles per hour; that he then looked both to his right and left, and did not see a train but did see a white Falcon car approaching from the south on Highway 77; that as he crossed the railroad tracks he saw the Railroad pick-up truck for the first time approaching from his right; that the pick-up truck had run through the stop sign and was almost into the intersection; that the pick-up was going about 40 m. p. h. and struck the right front wheel of the truck-trailer; that he did not have time to do anything but try to steer his vehicle; that if he had applied his brakes, the truck-trailer would have skidded or jack-knifed into the approaching Falcon automobile; that he did not apply his brakes or blow his horn; and that under the conditions, particularly since the highway was wet and slick, he possibly could have stopped his truck-trailer in about 200 feet.

Lt. Ted Beckwith testified that he and his wife were in a car which followed the Railroad pick-up on Military Road going eastward for about two miles; that the pick-up was traveling at about 40 m. p. h. and did not stop at the stop sign for Highway 77; that he realized the pick-up was not going to stop when it was 35–40 yards from the intersection at which time the truck-trailer was about 50–100 yards away from it going about 50–55 m. p. h.; that the railroad tracks are located about 50 feet from the Military Road; that the truck-trailer slowed down and swerved when it

was at the railroad tracks and before it entered the intersection but the pick-up continued into the intersection and struck the right side of the truck-trailer; that the truck-trailer turned over and skidded into the white Falcon automobile approaching from the south.

Mrs. Beckwith testified in substance that she had not been watching the road but when she heard her husband say something about the pick-up not going to stop she looked up and at that time the pick-up was about two car lengths from the intersection and the truck-trailer was at the railroad tracks; that the pick-up did not slow down or stop at the stop sign or intersection; and that the pick-up had been going about 40–45 m. p. h. and the truck-trailer 50–60 m. p. h.

█ It is well settled that a person is not bound to anticipate negligent or unlawful conduct on the part of another. De-Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 98 (1955). In this case if it be assumed that Devones kept a proper lookout as he approached the Military Road, all he would have observed was the Railroad pick-up approaching a stop sign at the intersection in question, and he was entitled to rely upon the other driver exercising due care until he was put on notice that such was not the case. The evidence is legally and factually sufficient to support an implied finding of the trial court that at the time Devones realized or should have realized that the Railroad pick-up was not going to stop that there was such a short distance and time involved that the collision was inevitable and could not have been avoided by him. Even if we should agree with appellant that negligence on the part of the Hardware Company truck driver was conclusively established, we cannot hold that such negligence was a proximate cause of the collision as a matter of law. Here again there is an implied finding of the trial court in support of the judgment that such negligence, if established, was not a proximate cause, and the evidence is legally and fac-

tually sufficient to support the same. In this state of the record and under well settled rules, we are required to affirm the judgment below. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

Affirmed.