FRED KOZLOSKI, APPELLEE, v. MODERN LITHO, INC., APPELLANT, IMPLEADED WITH FIREMAN'S FUND INSURANCE CO., INC., APPELLEE.

154 N. W. 2d 460

Filed November 24, 1967. No. 36575.

Haney, Walsh & Walentine, for appellant.

Matthews, Kelley & Cannon, for appellee Kozloski.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action for personal injuries received on Thursday, January 16, 1964, when plaintiff slipped and fell on ice adjacent to the front door of the business establishment where he was employed. Plaintiff was an employee of Associates Discount Corporation which rented the west portion of a building owned by Modern Litho, Inc., hereinafter called defendant. Defendant occupied the remainder of the building, which faced south and abutted on the north line of the public street.

On trial to a jury, verdict was rendered and judgment entered for plaintiff. Defendant appeals.

Viewing the evidence from the standpoint most favorable to plaintiff, the following facts appear. The front doorway to the building was for the common use of all occupants and was recessed 10½ inches from the street line. The door threshold and the sidewalk sloped slightly to the south towards the street. Plaintiff entered through this door about 7:45 a.m. and about 9:00 a.m. started to leave the building by the same door to go to the bank. There was a patch of glaze ice on the sidewalk in front of the door which extended into and covered most of the threshold or recessed area. The remainder of the

walk was free of ice. Plaintiff slipped and fell on this ice and received serious injuries to an ankle. He had not noticed the ice on entering the building or as he was leaving, although two other fellow-employees had observed it on entering the building that morning. Evidence as to its visibility was conflicting. It had snowed on the preceding Saturday night, and early Sunday morning, but this snow had been shoveled off promptly, and there had not been any further precipitation. The weather had been consistently cold since the storm until Wednesday, the day before the accident, when there had been some thawing, and had turned cold again Wednesday night. Evidence relating to whether the tenant had any responsibility for the care of the walk and doorway entrance was conflicting, but the Associates Discount Corporation had refused to execute a lease to the west portion of the premises until a clause requiring it to assume such duties was stricken.

No ice on the walk or adjacent to the door was observed prior to the morning of the accident, nor had anyone ever observed ice in that area during the preceding year and a half. There was no explanation for the appearance of ice in that area on the present occasion, although there was testimony that there had been a very small quantity of snow against the wall of the building in one spot which was not otherwise located with reference to the doorway.

Defendant's employees generally entered the building by another door referred to as the "garage" door. It does not appear that any of them had entered the building on the morning in question by the door used by plaintiff, or had any knowledge of the icy condition encountered by plaintiff, and no complaint had been made by plaintiff's fellow-employees who were aware of the icy condition mentioned.

After both parties had rested, defendant moved the court to direct a verdict for defendant, or, in the alternative, to dismiss plaintiff's petition and enter judgment

for defendant. The overruling of this motion is assigned as error.

Is the evidence sufficient to establish negligence on the part of the defendant? Clearly, the icy condition to which plaintiff attributes his fall was known to exist for a period not exceeding an hour and one half prior to plaintiff's injury, and then only by plaintiff's fellow-employees. Defendant did not have knowledge of the condition complained of. Can it then be logically said that defendant *should* have known of such condition, or was reasonably charged under the existing circumstances with a duty to inspect the premises and ascertain such condition?

Subsequent to the Saturday night snowstorm, the walks had been cleared and there had not been any further precipitation. The building was occupied Monday, Tuesday, and Wednesday preceding the accident, and following the snowstorm, during which time no ice appeared. It is not contended that there was ice on the morning of the accident any place on the sidewalk except in front of the door. The threshold of the door and the sidewalk sloped and drained toward the street so that any snow which may have remained adjacent to the building, and to one side or the other of the door, would have, when melted, drained toward the street and not into the door threshold which was higher than the sidewalk.

Counsel for plaintiff states: "To the writer, in Nebraska in the wintertime, the possibility of ice should occur to one charged with its removal without anyone drawing a picture. Especially is this true when there had been snow on the ground for days, and on the preceding day there had been a thaw and a re-freeze. At least, it was within a jury's province to so conclude." If this be true, considering Nebraska's changeable winter weather, a landlord who failed to thoroughly inspect his premises for ice each and every winter morning, regardless of any unusual circumstances, in the event of

an accident, would always be open to a charge of negligence.

"Negligence" is ordinarily defined as the doing of some act under the circumstances surrounding the accident involved, which a man of ordinary prudence would not have done, or the failure to do some act or to take some precaution which a man of ordinary prudence would have done or taken. Here it is charged that within the hour and one half elapsing immediately prior to the accident, an ordinarily prudent person would have inspected the premises, discovered, and remedied the icy condition in the doorway, yet the circumstances were not such as would put an ordinarily prudent person on notice of the possible existence of such a condition or apprise him of the necessity for an inspection of the premises. "In order to impose liability for injury to an invitee, the dangerous condition must have been known to the owner or occupant or have existed for such time that it was his duty in the exercise of ordinary care to know of it." 65 C. J. S., Negligence, § 63 (54), p. 770. See, also, Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565. A landowner should not be held liable for defects which an investigation might reveal unless the situation suggests an investigation, and the facts indicate to a reasonably prudent man the likelihood of existence of some hidden danger to persons lawfully on the premises. See England v. Salamon (Mo. App.), 324 S. W. 2d 765. " 'There is negligence only where no care is exercised to avert a risk to others which reasonably should be apprehended.' " Schild v. Schild, 176 Neb. 282, 125 N. W. 2d 900. "Generally speaking, no one is bound to guard against or take measures to avert that which, under the circumstances, a reasonably prudent person would not anticipate as likely to happen." 38 Am. Jur., Negligence, § 24, p. 669. "One may not be said to be negligent because he fails to make provision against an accident which he could not be reasonably expected to foresee." Anderson v. Moser, 169

Neb. 134, 98 N. W. 2d 703, 81 A. L. R. 2d 956.

An owner has a legal duty to exercise ordinary care to keep his premises safe for an invitee, but he is not an insurer. Gorman v. World Publishing Co., 178 Neb. 838, 135 N. W. 2d 868.

The basis of the present action is, in essence, that the defendant failed to inspect his premises, discover the ice in question, and either remedy the situation or give warning thereof. It hinges entirely on the duty to inspect. When does such a duty arise? It must be borne in mind that this is an action founded upon negligence and as such is subject to the general rules of negligence. In accordance with the rules above set forth, it must, therefore, appear that under the circumstances existing in this case, a person of ordinary prudence would have taken the precaution of making such inspection. We do not believe that the facts justify such a finding.

It conclusively appearing that defendant did not have actual notice of the icy condition of which plaintiff complains, and that no circumstances existed which would have put an ordinarily prudent person on notice of the possibility of the existence of such a condition so as to reasonably require an inspection of the premises, it is evident that there is not sufficient evidence to support plaintiff's allegations of negligence, and that defendant's motion for directed verdict or, in the alternative, for a dismissal of plantiff's petition should have been sustained.

For the reasons stated, the judgment of the district court is reversed and the cause remanded with directions to dismiss plaintiff's cause of action.

REVERSED AND REMANDED.

WHITE, C. J., dissenting.

In my opinion the following facts, either directly or inferentially, justify the trial judge's submission and the jury finding of negligence in this case:

(1) Easterly, the defendant's foreman, was specifically charged with the duty of removing ice from the

premises, including the approaches. Easterly and the defendant's president both testified to this fact. He had specific tools and materials for the job and had used them before.

(2) Plaintiff, a business invitee, slipped and fell on thin glare ice covering the sloping threshold to the doorway on defendant's premises at 9 a.m. in the morning.

(3) Easterly, although present the day before, and at 7 a.m. on the morning of the accident, made no inspection nor took any action whatsoever with reference to the doorway or the threshold leading to it.

(4) For several days prior to the accident there were snow piles in the vicinity of the threshold and doorway (Bundy an employee of plaintiff had scooped the snow).

(5) A general 4-inch snow had covered the area and the buildings, roofs, ledges, and other accessible places 4 days before the accident. This condition remained the same under constant freezing conditions until 2 p.m. the preceding (Wednesday) afternoon. The temperature then went above freezing and melting conditions prevailed from 2 p.m. to 11 p.m. and then the temperature went below freezing until the time of the accident.

(6) No artificial conditions or independent agency created the thin glare ice. It resulted from a foreseeable sequence of natural weather conditions.

(7) The formation of thin glare ice on pavement or concrete from moisture condensation or melting during intermittent freezing temperatures in wintertime Nebraska is so well known and common that the jury could take judicial notice of it as a matter of common knowledge.

(8) Conditions foreseeably resulting in the formation of the ice at the entryway were known or should have been known by Easterly from 2 p.m. the preceding afternoon until the time of the accident.

(9) The main entranceway was heavily trafficked. (There were only two.)

(10) The glare ice was present at the entranceway

10 hours before the accident, and for 2 hours after the 7 a.m. opening of the building.

The above facts and reasonable inferences therefrom support a finding of negligence on Easterly's part. Specifically commanded to perform this duty, he was charged with knowledge of probable icy and dangerous conditions at the entranceway of this business building. He should have known about them when he arrived at 7 a.m. but in any event, his 2-hour lag in performing his duty was evidence of negligence, if not inexcusable. A dog may be permitted the first bite before the owner is responsible but a maintenance man should not be permitted a first accident before he is required to remove or warn of glare ice at a heavily trafficked business building entranceway.

The majority opinion is a lucid and persuasive argument on the merits. But it does not reach the question of whether the facts and circumstances are directly and inferentially sufficient to find that the defendant was charged with knowledge of probable icy conditions, and the consequent duty to inspect, remove, or warn.

BOSLAUGH and McCOWN, JJ., concur in this dissent.