WILLIAM A. GOOD, APPELLANT, v. DELLA A. JONES, APPELLEE.

168 N. W. 2d 520

Filed June 2, 1969.   No. 37145.

Eisenstatt, Morrison, Higgins, Miller, Kinnamon & Morrison and Nanfito & Nanfito, for appellant.

Fraser, Stryker, Marshall & Veach, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action to recover for personal injuries alleged to have been occasioned by a defective sidewalk.

On trial to a jury, a verdict was found for plaintiff; subsequently, defendant's motion for judgment notwithstanding the verdict was sustained and judgment entered for defendant. We affirm that judgment.

Defendant was the owner of a 4-unit apartment house purchased by her in 1961. She occupied one of the units and rented another to plaintiff and his family. Plaintiff had occupied the apartment since January of 1963. The accident occurred on April 30, 1965. A concrete sidewalk ran from the street into the apartment house entrance. In one portion of the sidewalk, one of the slabs had sunk somewhat so that it was ½ inch or 1½ inches, depending on varying versions, lower than the adjoining slabs. This condition had existed at the time defendant purchased the apartment house and had remained the same all through the period of approximately 27 months that plaintiff had been a tenant. Plaintiff acknowledged that he was aware of this condition; that on one or two occasions someone had stumbled there; and that he had mentioned it to his wife but had never complained about it to defendant. On the day of the accident, which occurred during daylight hours, plaintiff had left the apartment house, met his brother-in-law coming to visit him, and started to return to his apartment. Plaintiff testified that in returning, he was walking with his brother-in-law, was looking straight ahead, stepped on the offset portion of the sidewalk, turned his ankle and fell, injuring his leg. The sidewalk was a common walk, used by all of the tenants in the apartment house and maintained by the defendant.

Questions presented deal with the existence of negligence and contributory negligence. There is a wide variation displayed in the determination of cases of this type. See Annotation, 37 A. L. R. 2d 1187. Nebraska has dealt with cases of this type on a case-by-case basis and generally speaking, has required, as a preliminary to recovery, the showing of the existence of a clearly dangerous situation. The ordinary rules of neg-

ligence are applicable to a case of this nature. Negligence is ordinarily defined as the doing of some act, under the circumstances surrounding the accident involved, which a man of ordinary prudence would not have done, or the failure to do some act or to take some precaution that a man of ordinary prudence would have done or taken. See Kozloski v. Modern Litho, Inc., 182 Neb. 270, 154 N. W. 2d 460. Negligence and a duty to use due care do not exist in the abstract but must be considered against a particular set of facts and circumstances. See Presho v. J. M. McDonald Co., 181 Neb. 840, 151 N. W. 2d 451. "A person has no duty to anticipate negligence on the part of others, and, in the absence of knowledge or notice to the contrary, is entitled to assume, and to act on the assumption, that others will exercise ordinary care." 65 C. J. S., Negligence, § 15, p. 592. See, also, Missouri Pacific R. R. Co. v. Corpus Christi Hardware Co. (Tex. Civ. App.), 414 S. W. 2d 185.

"Ordinary care" is that amount or degree of care which common prudence and a proper regard for one's own safety and the safety of others would require under the circumstances. See Niemeyer v. Forburger, 172 Neb. 876, 112 N. W. 2d 276.

This case must be determined in the light of the foregoing rules and the circumstances attendant upon the accident. It is common knowledge that depressions, holes, and inequalities in the elevations of sidewalks are not unusual, but on the contrary, are frequently found. One cannot safely ignore this fact in walking over sidewalks and completely disregard the nature of the walk as one might safely do when walking across a ballroom floor. One who maintains a sidewalk, in determining whether or not the condition of the sidewalk meets the requirements of ordinary care, is entitled to take this factor into consideration and is not required to assume that the condition of the walk will be ignored by those traveling over it nor is such person required to antici-

pate negligence on the part of such travelers, but on the contrary, may assume they will use ordinary care for their own safety. In the present instance, the defect in the sidewalk was not a major defect. It was one that was readily apparent to anyone approaching on the sidewalk and was not of such a nature as would necessarily give concern to the owner of the premises for fear that it might result in serious injuries to a user of the sidewalk. It had been safely used by many people over a considerable period of time. The plaintiff had traversed this walk for many months and was thoroughly familiar with it. The accident occurred during daylight hours when the slight difference in elevation was readily apparent even to one not familiar with the walk. Had plaintiff himself considered it to be of a dangerous nature, there would appear to be no excuse for his not having used due care for his own safety.

Under the existing circumstances, we are obliged to arrive at the conclusion that the judgment of the district court is correct and should be affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.