DeLene M. Maxwell, appellant, v. Nettie Opal Pugh Lewis, appellee.

186 N. W. 2d 119

Filed April 23, 1971. No. 37709.

Eisenstatt, Higgins, Miller & Kinnamon, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for personal injuries suffered in a fall on an icy stairway leading to defendant's place of business. At the close of all the evidence, the trial court sustained defendant's motion for dismissal. We reverse the judgment.

A motion for a directed verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the person against whom the motion is directed, and such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820.

Defendant's place of business is located at 2556 Ellison Avenue in Omaha, Nebraska. It is a one-story frame dwelling, the front porch of which had been converted into a beauty parlor operated solely by the defendant. There are six cement steps from the street level to a cement sidewalk running a few feet in a north-south direction, to four precast cement steps which provide the entrance to the shop. These steps have raised nodules to provide some protection against slipping. The steps are 6 feet wide, with a handrail on the east side.

Plaintiff had been a regular customer of defendant's beauty shop for a number of years and had a standing Saturday afternoon appointment. At approximately 4

p.m., on January 11, 1969, accompanied by her sister, she went to the shop to have her hair fixed. When she ascended the steps into the shop, she noticed they were wet and damp, but no ice was present. The temperature that afternoon was warm and although the snow which had fallen earlier in the week was melting, it had all been cleared from the sidewalks.

Plaintiff started to leave the premises at approximately 5:15 p.m. She opened the door and looked generally at the house steps before she attempted to descend, but saw no ice. When she stepped out the door onto the top step, her foot slipped and she slid down the steps. At that time her sister was behind her at the door, and the defendant was directly behind the sister. Defendant immediately checked the steps and found a thin coat of transparent ice. She then put Ice-Away, which she kept near the front door, on the steps before the sister descended. The ice disappeared on contact with the Ice-Away.

Because snow was thawing on the slant roof of the house, and the gutter which drained the area was immediately above the steps, some water occasionally dripped on the steps from the overflow of the gutter. Defendant knew that ice would form in the area when the temperature dropped below freezing. The only time it had been necessary to put Ice-Away on the steps that day was before the shop opened in the morning. Defendant did this to remove the ice which had accumulated during the night. A patron of the defendant's shop, who was present when plaintiff arrived and who left the premises about 4:30 p.m., did not see any ice. She did note, however, that the house steps were wet, as had the plaintiff when she arrived. Defendant had noticed water dripping from the roof during the afternoon, but did not say anything to the plaintiff about the hazard of ice because the day had been warm and she did not know that the temperature was dropping.

Defendant urges that the judgment of dismissal should

be sustained under the authority of Kozloski v. Modern Litho, Inc., 182 Neb. 270, 154 N. W. 2d 460. In that case, we held: "Negligence is ordinarily defined as the doing of some act under the circumstances surrounding the accident involved, which a man of ordinary prudence would not have done, or the failure to do some act or to take some precaution which a man of ordinary prudence would have done or taken.

"In order to impose liability for injury to an invitee, the dangerous condition must have been known to the owner or occupant or have existed for such time that it was his duty in the exercise of ordinary care to know of it.

"A landowner should not be held liable for defects which an investigation might reveal unless the situation suggests an investigation, and the facts indicate to a reasonably prudent man the likelihood of existence of some hidden danger to persons lawfully on the premises."

Kozloski v. Modern Litho, Inc., *supra,* is readily distinguishable from the instant case. There we were dealing with the recessed area constituting the entrance to the building. No ice had ever been observed at that point previous to the morning of the accident, and it conclusively appeared that defendant did not have notice of the condition before the accident. In the instant case the defendant had had a problem with ice during the winter and had sprinkled Ice-Away the morning of the accident to clear the steps of ice and had observed water dripping on the steps through the course of the afternoon.

A business inviter owes the duty to exercise ordinary care to keep the approaches to his place of business in a reasonably safe condition for the use of the patrons and customers properly on the premises. In this respect, an inviter must exercise ordinary care in the light of what he knows or reasonably should know to protect an invitee from danger or to notify him of such danger while he is rightfully on the premises and engaged in the

proper performance of the purpose of his presence. Nance v. Ames Plaza, Inc., 177 Neb. 88, 128 N. W. 2d 564. The Ames case is also authority for the rule that if conditions and circumstances are such that an invitee has knowledge of a condition in advance or should have knowledge comparable to that of the inviter, it may not be said that the inviter is guilty of actionable negligence.

Where different minds may reasonably draw different conclusions or inferences from the evidence adduced concerning the issues of negligence or contributory negligence and the degree thereof when one is compared with the other, such issues must be submitted to the jury.

The evidence would indicate the steps, which were a "dirty gray," had a very thin coat of transparent ice at the time of the plaintiff's fall. In addition to other questions suggested hereafter, a jury could find this transparent ice was not apparent to a person exercising ordinary care under the circumstances.

The record seems relatively clear that the defendant did not have actual knowledge of the icy conditions of the steps at the time in question. However, she had seen water dripping onto the steps from the overflow of the gutter and although it had not turned to ice through the day, and the ice was not discovered until after the fall, a question is presented as to whether defendant should not have realized that the temperature in early January does drop toward evening when the sun begins to set, and with a dropping temperature there would be a possibility of water collected on steps freezing. Equally, while plaintiff may not have noticed the dripping of the water, she had seen water collected on the steps when she went on the premises at 4 p.m., and could be supposed to have the same knowledge as defendant that early in January temperatures do drop toward evening. Plaintiff did casually examine the steps when she started to leave, thought them to be dry, and started to descend without using the hand rail. Whether or not

the defendant had or should have had superior knowledge of the condition of the steps before the fall occurred, and whether the plaintiff herself could be charged with sufficient knowledge to put her on a par with the defendant are questions that should have been submitted to the jury under proper instructions.

For the reasons given, the judgment is reversed and the cause remanded for trial.

REVERSED AND REMANDED FOR TRIAL.

WHITE, C. J., concurring in result.

In my opinion the decision reached herein is correct but it overrules Kozloski v. Modern Litho, Inc., 182 Neb. 270, 154 N. W. 2d 460, and we should therefore say so.

The cases cannot be distinguished. In Kozloski, there was glare ice at the entryway of a downtown office building for 10 hours before the accident and for 2 hours after the 7 a.m. opening of the building and the presence of the maintenance man on duty. A general 4-inch snow had covered the area and the buildings, roofs, ledges, and other accessible places 4 days before the accident. This condition remained the same under constant freezing conditions until 2 p.m. the preceding afternoon. The temperature then went above freezing and melting conditions prevailed from 2 p.m. to 11 p.m. and then the temperature went below freezing until the time of the accident. It could not be disputed but that the icy condition resulted from a foreseeable sequence of natural weather conditions and remained unattended for a period of over 2 hours after the maintenance man appeared the morning of the accident.

And yet in Kozloski we reversed a jury verdict and directed a judgment for the defendant because there was not sufficient evidence of negligence. And now on the facts in this case the court holds that a jury question was presented. The two results are irreconcilable. This case overrules Kozloski, as it should, but the court should say so.

NEWTON, J., concurring.

I concur in the opinion of Spencer, J., but cannot agree with the statement of White, C. J., that the case of Kozloski v. Modern Litho, Inc., 182 Neb. 270, 154 N. W. 2d 460, is thereby overruled. Obviously this is incorrect. As pointed out in the majority opinion, the facts of that case are substantially different from those in the present one. In Kozloski there was no notice of a condition conducive to the formation of ice as here nor did it appear conditions were such that the ice could reasonably have been expected to be discovered. The only similarity is in weather conditions. Here the defendant was aware that ice had been forming and that the conditions producing it persisted. In other words, she knew of the dangerous condition and took no steps to abate it or warn against it. The primary distinction is in what a reasonably prudent person should anticipate.