GWEN BAHE, APPELLANT, v. SAFEWAY STORES, INC., A
CORPORATION, ET AL., APPELLEES.

182 N. W. 2d 202

Filed December 23, 1970. No. 37530.

Cobb, Swartz & Wieland, for appellant.

Marti, O'Gara, Dalton & Bruckner, for appellee Safeway Stores, Inc.

Crosby, Pansing, Guenzel & Binning, for appellee Coca-Cola Bottling Co.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for damages for injuries sustained when a 16-ounce bottle of Coca-Cola fell from a pop gondola in a Safeway store and struck plaintiff's foot. At the close of plaintiff's case the trial court directed a verdict in favor of the defendants, Safeway Stores, Inc., hereinafter referred to as Safeway, and Cola-Cola Bottling Company, Inc., and dismissed plaintiff's peti-

tion. Plaintiff perfected an appeal only as to the defendant Safeway. We affirm.

Plaintiff was an invitee in the Safeway store located on East Court Street in Beatrice, Nebraska. While shopping for pop, she was standing in an aisle before the pop gondola. She placed a 6-pack of Fresca in her shopping cart and then a carton containing five bottles of assorted pop. She wanted a bottle of orange pop to fill out that carton and reached over another carton containing two bottles of unnamed pop to secure the bottle of orange. She pulled the bottle of orange from its carton and was in the act of conveying it to her cart when something hard hit the top of her right foot. She completed putting the bottle in her cart and then reached down to pick up an empty carton from the floor, when she saw blood oozing profusely from the top of her right foot. She was alone in the aisle at the time, but almost immediately the assistant manager, who had heard something fall, arrived on the scene.

Plaintiff testified the pop was stacked on a gondola in the usual manner, and she observed nothing unusual about the pop stand. She does not know whether the bottle which struck her was from the carton she reached over or not. She has no idea where the bottle came from, how it fell, or how the broken glass got on the floor. There is no dispute the broken bottle was a 16-ounce Coca-Cola bottle. The Coca-Cola cartons are stacked on the gondola by a representative of the Coca-Cola company. The pop was kept in normal 6-pack cartons stacked one on top of the other, with a plastic flap as a divider between each tier of cartons. They are stacked three or four cartons high. Pop had been stacked in substantially the same manner in this store for at least 7 years. No regular inspection is made of the pop shelves, but every time an employee passes it if necessary he straightens it up, although most of the time the pop remains where the deliveryman puts it.

Defendant's manager testified that bottles do not fall

off the shelves, but they do occasionally get knocked off. Plaintiff's son, who had worked in a Safeway store in O'Neill, Nebraska, testified that pop was stacked in the same manner there, and it was his observation that it could become wobbly and unstable. This at best is a far cry from evidence that a condition existed which involved an unusual risk for the plaintiff sufficient to impose liability on Safeway.

Plaintiff contends that the proprietor of a self-serve store owes a very high degree of care to protect customers from injury due to falling merchandise, and cites several cases from other jurisdictions to sustain her contention. There are no Nebraska cases specifically involving this situation, but the duty of a business establishment to an invitee is well defined in this jurisdiction.

In Jeffries v. Safeway Stores, Inc., 176 Neb. 347, 125 N. W. 2d 914, we held that a storekeeper has a duty to use due care to keep his premises reasonably safe for the use of an invitee, but that he is not an insurer of the safety of the customers who patronize his place of business.

Plaintiff agrees that this is not a res ipsa loquitur situation, and we are directed to no specific evidence from which we can infer negligence on the part of Safeway. The burden is upon the plaintiff to prove that the condition which resulted in the falling object involved an unreasonable risk of harm to her as an invitee. She was alone in the aisle at the time of the occurrence. She did not observe anything unusual about the pop gondola. She had taken two cartons from the gondola without incident. She was not struck until after she had reached over another carton and removed a bottle of orange pop from the carton behind it. She has no idea as to what happened except that a falling bottle struck her foot. If there had been anything unusual about the pop stand, or if there had been loose bottles or cartons which appeared like they were going to fall, it would seem reasonable that the plaintiff would have noticed this fact,

but she testified that she observed nothing unusual. It is not possible to infer from this evidence the existence of an unreasonable risk of harm to the plaintiff, and if we could assume one existed, that Safeway knew of or in the exercise of reasonable care could have discovered it.

Further, there is no competent evidence to show what condition, if any, caused the accident. Plaintiff did produce a witness who a year before had been struck by a falling bottle, but this witness did not know why the bottle fell although she did not think she knocked it off with her hand. Safeway's manager testified that occasionally customers do knock bottles from the shelves with coat sleeves or otherwise, but no one would contend that a storekeeper must follow all customers around the store to be certain they do not knock merchandise from the shelves. It is the storekeeper's responsibility to exercise due care to see that the merchandise is stacked in a reasonably safe manner on his shelves, and where a storekeeper or his employees know of a dangerous condition, or if it has existed for such a period of time that they should know of it, then liability attaches.

The testimony of plaintiff's son is obviously intended to suggest that pop gondolas can become unstable; that this situation must have been present in the instant case because plaintiff does not know what happened; and that Safeway, having a duty to exercise reasonable care, failed to discover the instability. The difficulty with this line of reasoning is that there is absolutely no evidence that the pop gondola was unstable, unless we infer that fact from the falling of the bottle of Coca-Cola. To do so would require the highest degree of speculation. It is certainly more logical to believe that some act of the plaintiff, who was alone at the pop gondola on the occasion in question, was the cause of the accident. In any event, this not being a res ipsa loquitur situation, it was the responsibility of the plaintiff to prove by a preponderance of the evidence that

some negligence on the part of Safeway was the proximate cause of her injury. This she has not done. Giving the plaintiff the benefit of every reasonable inference under the familiar rule on a directed verdict, this court determines that reasonable minds could not differ. The motion to direct a verdict was properly sustained, and the judgment is affirmed.

AFFIRMED.