HENRIETTA WILLIAMS, APPELLANT, v. BEDFORD MARKET, INC., APPELLEE.

260 N. W. 2d 316

Filed December 14, 1977. No. 41221.

James W. Knowles of Knowles & Edmunds, for appellant.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The plaintiff-appellant filed an action for damages alleged to have been caused by a fall in the defendant-appellee grocery store on November 3, 1975. Plaintiff alleged in her petition that the fall was caused by the negligence of the defendant: (1) In

failing, after defendant knew or should have known of the slippery condition of the premises, to remove water from the floor; (2) in failing to warn the plaintiff of the slippery condition; (3) in maintaining the premises so as to permit water to spill and accumulate upon the floor of the shopping area of the store; and (4) in failing to keep the premises reasonably safe for persons invited to use its facilities. Defendant denied generally all the allegations contained in the plaintiff's petition and further pled assumption of risk and negligence more than slight on the part of the plaintiff. Defendant filed an amended motion for summary judgment. Depositions of the plaintiff, two employees of the defendant, and the court file, including the answer to the interrogatories by the manager of the grocery store, were received in evidence. At the conclusion of the hearing, the trial court sustained the defendant's motion for summary judgment and dismissed the action. The plaintiff appeals.

The evidence discloses the facts and inferences most favorable to the plaintiff which appear to be as follows: The plaintiff entered the defendant-grocery store on November 3, 1975. She was familiar with the store, having been a customer for 8 years, and had visited the store hundreds of times. Defendant-grocery store consists of four aisles. After picking up some other items and placing them on the check-out counter near the front of the store, the plaintiff was on her way to obtain some steak sauce and, at the first of the aisles, turned a corner, and fell. The aisle on which the steak sauce was located is also the produce aisle, in an area of that department where greens, as plaintiff described them, were kept. Plaintiff did not see anything on the floor before she fell and there was no one to block her view. The plaintiff fell striking her knees and falling on her lower back injuring herself. After the accident she saw a spot of water, a couple of inches in size, and

concluded, since there was water on her right shoe, that it was the water that caused her to slip. The water was near the middle of the aisle. There was nothing hanging over the produce counter that could have produced the water and she did not remember that the floor was freshly waxed. The area was well lighted. Plaintiff did not remember seeing anything on the floor and the floor was clean. "I know it stays nice — nice and clean most of the time." There were no eyewitnesses to the accident. Two store employees testified by deposition. One, James Whitcomb Riley, testified that he was in the store on November 3, 1975. He testified that in the produce area there is generally nothing to clean off the floor, no breakage, no leakage, and no water on the floor. There might on some occasion be some greens which had to be swept up. The witness had no recollection of the plaintiff falling at the store nor that he had cleaned any water off the floor. He said that, as he understood it, the floors at the market were cleaned nightly, swept, and mopped. In his experience, if there was any water or breakage items on the floor, they were not left there for more than 4 or 5 minutes. The other employee, Evelyn Snodgrass, testified that she had been employed by the store for 7 years; that she had no recollection of the plaintiff claiming an injury or claiming a fall. She testified that the store was routinely cleaned every evening. When she arrived in the morning for work, the floor was always clean and was kept as clean as possible during the day. She remembered no delays in cleaning things off the floor when they were observed or reported to her. She testified that Mr. Falk, the manager-owner, was all over the store during the day and that he would clean things up from the floor if he saw something spilled.

In the answers to interrogatories, Max Falk, the manager and president of defendant-Bedford Market, Inc., testified that after plaintiff had told him

that she fell, he went to the produce counter and saw no water or loose items on the floor, no markings on the floor, no streaking of water on the floor, or anything unusual. There was no sign that anyone had fallen. He took no action to clean the floor surface as there was nothing to clean. He said that he kept the floor surfaces in a very clean condition at all times. Among the theories advanced by the plaintiff in the various depositions in evidence as to the cause of the water on the floor are: That the greens were sometimes freshened by a short hose which was attached to a water faucet under the produce counter; that the produce was sometimes sprayed with water to keep it fresh or that customers used the hose on occasion to wash off a particular piece of produce; that the produce was delivered in a wet state and water might have fallen to the floor when produce was placed in the produce counter; or that a customer may somehow have caused a spot of water to be present on the floor in removing produce.

The applicable rules in Nebraska are set out in Jeffries v. Safeway Stores, Inc., 176 Neb. 347, 125 N. W. 2d 914: ''Where foreign substances on the floor of a store used by customers create a hazardous condition, the storekeeper is ordinarily liable if the condition was created by the storekeeper or his employees. When the condition results from the conduct of the public, a storekeeper can be held subject to liability only for a negligent omission on his part to remove the hazard created after he knows of it, or, by the exercise of reasonable care, should have known of its existence. The duty of a storekeeper to an invitee is to use reasonable care to keep the premises reasonably safe for the use of the invitee, but he is not an insurer against accident. An owner of a store is not required to follow customers around his store to gather up debris cast away or carried into the store by customers. To place such a burden upon a storekeeper would make him an in-

surer of the safety of his customers. His duty is to use reasonable care to keep the premises in a safe condition."

The facts in the case are not disputed. There were no witnesses to the accident save the plaintiff. Accepting her version as true, the presence of a spot of water 2 inches wide, in an otherwise clean and neat aisle, does not support her contention that the defendant allowed a negligent condition to develop. Here, the evidence shows that it was the custom and habit of the owner-manager and the employees to correct immediately any condition reported to them caused by foreign substances being placed on the floor, and further, such conditions were constantly being looked for by store employees. Neither does the evidence show that the condition was caused by store employees nor that the defendant or its employees were negligent in not discovering the condition. There was no issue of fact to be tried by the jury and all reasonable inferences to be deduced therefrom amply support the trial court's judgment that the facts do not support a finding of negligence.

Summary judgment may be rendered where there is no genuine issue as to material fact, and the moving party is entitled to judgment as a matter of law. Johnson v. Evers, 195 Neb. 426, 238 N. W. 2d 474.

The judgment of the trial court dismissing the plaintiff's petition is affirmed.

AFFIRMED.