IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ROBERTSON V. U SAVE FOODS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ELLEN ROBERTSON AND TIMOTHY ROBERTSON, APPELLANTS,

V.

U SAVE FOODS, INC., APPELLEE.

Filed May 2, 2017.    No. A-16-397.

Appeal from the District Court for Sarpy County: DAVID K. ARTERBURN, Judge. Affirmed.

Greg Garland, of Greg Garland Law, Tara DeCamp, of DeCamp Law, P.C., L.L.O, and Kathy Pate Knickrehm for appellants.

Robert W. Futhey and David P. Kennison, of Fraser Stryker, P.C., L.L.O., for appellee.

PIRTLE and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Ellen Robertson and Timothy Robertson brought a premises liability action and claim for loss of consortium against U Save Foods, Inc. (U Save), as a result of Ellen breaking her hip when she tripped over a wooden pallet display of watermelons. U Save filed a motion for summary judgment on the basis that the pallet did not present an unreasonable risk of harm. The Robertsons appeal from the Sarpy County District Court's order granting that motion. We affirm.

## BACKGROUND

On September 24, 2014, the Robertsons were shopping at the Bag 'N Save grocery store, owned by U Save, on Harrison Street in Bellevue, Nebraska. The store was near the Robertsons' home, and Ellen had shopped at the store one to two times per week for the past 30 years.

- 1 -

The Robertsons were in the store for 20 to 30 minutes before Ellen fell. U Save had set up a watermelon display at the end of one aisle, next to the peaches. The display consisted of a large cardboard box of watermelons resting on a wooden loading pallet. The cardboard watermelon box had black and yellow arrows pointing down with "Watch Step" printed across the arrows. The pallet and cardboard box were both brown in color, in contrast to the white tile of the floor. The watermelon display was narrower than the produce display cases making up the aisle and did not appear to extend into the aisle walkways. Although Ellen stated she did not remember seeing the pallet before she fell, she had seen similar pallets in grocery stores before.

After getting some peaches, Ellen turned and walked towards her husband. While walking from one side of the aisle to the other side, Ellen claimed her foot got stuck in a pallet, causing her to fall to the ground where she landed on her right hip and arm. She remained on the ground until medical personal arrived and transported her to the Nebraska Medical Center, where she was diagnosed with a broken hip. Ellen underwent hip replacement surgery on September 29, 2014.

The Robertsons filed a premises liability claim and loss of consortium claim against U Save on February 18, 2015. U Save filed its answer on March 26 and a motion for summary judgment on December 23.

The district court granted U Save's motion for summary judgment on March 25, 2016. The district court found that "Plaintiff has not presented any evidence that the pallet was broken, deformed, misshapen, unexpectedly jutting into an aisle, or otherwise presented any unreasonable hazard. . . . In fact, the evidence reflects that the only dangerous or defective condition Plaintiff claims is the use of the pallet itself as a display stand." The district court further stated that, assuming the pallet did constitute a dangerous condition, the Robertsons could not recover because the pallet was an open and obvious condition that Ellen failed to recognize. Also, as to Timothy's loss of consortium claim, the district court concluded that since such a claim derives from the harm suffered by the injured spouse, then if the injured spouse's tort claim fails, so does the loss of consortium claim for the uninjured spouse. The district court granted summary judgment in favor of U Save as to all claims. The Robertsons filed a timely appeal.

## ASSIGNMENT OF ERROR

The Robertsons assign that the district court erred in granting U Save's motion for summary judgment.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the summary judgment evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Hodson v. Taylor*, 290 Neb. 348, 860 N.W.2d 162 (2015).

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zawaideh v. Nebraska Dept. of Health & Human Servs.*, 285 Neb. 48, 825 N.W.2d 204 (2013). In the summary judgment context, a fact is material

only if it would affect the outcome of the case. *State Farm Fire & Cas. Co. v. Dantzler*, 289 Neb. 1, 852 N.W.2d 918 (2014).

## ANALYSIS

In premises liability cases, an owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises if the lawful visitor proves (1) that the owner or occupier either created the condition, knew of the condition, or by exercise of reasonable care would have discovered the condition; (2) that the owner or occupier should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) that the owner or occupier should have expected that the visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger; (4) that the owner or occupier failed to use reasonable care to protect the visitor against the danger; and (5) that the condition was a proximate cause of damage to the visitor. *Edwards v. Hy-Vee, Inc.*, 294 Neb. 237, 883 N.W.2d 40 (2016). The traditional approach to premises liability balances two competing policies--requiring stores to exercise reasonable care to maintain the premises in a safe condition and protecting stores from becoming the insurers of their patrons' safety. *Id.*

The Robertsons allege U Save was negligent because it created an unreasonable risk of harm by using a wooden loading pallet as a display stand, and U Save should have expected that "lawful entrants such as [Ellen] would not discover the trip hazard or fail to protect themselves against the trip hazard," and U Save failed to use effective safety measures to protect shoppers from that trip hazard. Brief for appellant at 11-12. U Save contends that the Robertsons failed to present evidence that the pallet presented such an unreasonable risk. The district court determined that the "[p]laintiff has failed to establish that the pallet was unreasonably dangerous. Plaintiff cannot demonstrate how the mere existence of a standard, wooden pallet sitting in plain sight with a large box of produce containing a warning sign thereon presents an unreasonable hazard to entrants." We agree.

An unreasonable risk of harm has been defined as a risk that a reasonably careful person under all circumstances of the case would not allow to continue. *Bahrs v. R M B R Wheels, Inc.*, 6 Neb. App. 354, 574 N.W.2d 524 (1998) (citing NJI2d Civ. 3.02). In a premises liability case, the plaintiff is required to adduce evidence showing that there was a negligent act on the part of the defendant and that such act was the cause of plaintiff's injury. *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003). A person who alleges negligence on the part of another bears the burden to prove such negligence by direct or circumstantial evidence. *Id.* The mere fact that an injury or accident occurred does not raise a presumption of negligence. *Id.*

Nebraska has recognized that a storekeeper has a duty to use due care to keep the premises reasonably safe for use of an invitee, but a storekeeper is not an insurer of the safety of customers patronizing the place of business. See *Bahe v. Safeway Stores, Inc.*, 186 Neb. 228, 182 N.W.2d 202 (1970) (16-ounce bottle of "Coca-Cola" fell on plaintiff's foot in store; "pop stand" did not create unreasonable risk of harm, and assuming it did, store could not with reasonable care have discovered it); *Williams v. Bedford Market, Inc.*, 199 Neb. 577, 260 N.W.2d 316 (1977) (summary judgment in favor of grocery store affirmed in case involving regular customer who claimed to slip and fall in grocery store when turning a corner, allegedly because of water on the floor).

Other courts have found that non-defective wooden loading pallets do not present an unreasonable risk of harm. In *Upton v. Rouse's Enterprise, LLC*, 186 So.3d 1195 (La. Ct. App. 2016), a customer caught her foot underneath a wooden pallet used to display a box of watermelons. When the customer stepped away from the pallet, she fell and was injured. Summary judgment favoring the store was affirmed, with the appellate court noting that the customer failed to introduce evidence that the watermelon display presented an unreasonable risk of harm. The court stated that "a pallet does not inherently pose an unreasonable risk of harm. Certainly, the display in the instant case is a condition any customer would reasonably expect to encounter in the produce department of a grocery store, and it presents no unreasonable risk of harm to a customer exercising reasonable care." *Id.* at 1202 (internal citations omitted).

In *Knox v. Fiesta Mart, Inc.*, 2011 WL 1587362 (Tex. App. 2011), a customer tripped over a pallet supporting a box of watermelons in a grocery store. The customer filed a premises liability action, and the trial court granted summary judgment for the grocery store. The Texas Court of Appeals concluded that the mere presence of the watermelon display at the entrance to the grocery store was not evidence that the manner of displaying watermelons was unreasonably dangerous.

Like the district court in the present matter, the courts from these other jurisdictions granted summary judgment on the basis that a store's use of a stationary wooden pallet did not create an unreasonably dangerous condition as a matter of law. As discussed next, the Robertsons failed to produce any evidence that would distinguish the use of the stationary wooden pallet in this case from those described above.

*Evidence of Unreasonable Risk of Harm.*

Pleadings, depositions, and some photographs were offered in support of and against the motion for summary judgment. The Robertsons argue that all the evidence, viewed in the light most favorable to them, reveals material issues of fact "as to whether [U Save] was negligent in using a wooden pallet to display watermelons." Brief for appellant at 7. The following colloquy took place during Ellen's deposition, with U Save's counsel referring to the Robertson's complaint:

Q [by U Save's counsel]: Is the - is your allegation in this case that the dangerous or defective condition was the use of a wood loading pallet as a display stand?

A: Absolutely.

Q: Is there anything that you knew of or that you're alleging was a dangerous or defective or unreasonable condition that lead to your injuries?

A: No.

Q: Paragraph 10(D), it, the defendant, failed to use reasonable care to protect lawful entrants against the danger because it did not use effective safety measures to protect the shoppers from the conditions. Did I read that correctly?

A: Yes.

Ellen never explained how or why using a pallet as a display stand was unreasonably dangerous. She expressed her belief that grocery stores should not use pallets as display stands or, stores should use "pallets that are closed, [and] have safety, big cones on the sides, something to stop you

from getting your foot caught." However, the issue is not what could be done differently, the issue is whether or not the pallet, as used in this case, presented an unreasonable risk of harm at the moment of the accident. Ellen's testimony that only "closed" pallets should be used or that pallets should be marked with safety cones does not create an issue of fact as to whether this particular wooden pallet sitting stationary without safety cones created an unreasonably dangerous condition.

The Robertsons also point out a section of Patrick Smith's testimony in support of their position that the use of the pallet was unreasonably dangerous. Smith was a U Save employee on the date of the accident. In his deposition, the following exchange took place.

> Q [by the Robertsons' counsel]: Do you think there was anything that Bag 'N Save could have done differently with that watermelon display to prevent Ellen from falling on September 27th?
>
> . . . .
>
> A: With whatever - with whatever's available to us, we - we built a display with what was available to us that we do on an everyday basis. Unless you put floor - floor cones or safety cones around every pallet in every display in the store, I mean to me, in my mind, that's the only thing that you could do is put a cone in addition to the display on every pallet drop display in the store.
>
> Q: And what - explain what a safety cone would have done.
>
> A: It's something in addition to saying watch your step on the side of a pallet to make the customer realize there's some type of hazard.
>
> Q: So you think that a safety cone, if that were there, would have drawn attention to the corner?
>
> A: I can't say for certain whether it would draw attention to the corner, but you were asking if there was something that we could have done additionally to the display. I'm just suggesting that maybe putting a cone on every corner of the displays that you build could possibly help that.

Contrary to the Robertsons' argument, this testimony does not constitute evidence that the pallet, as used in this case, presented an unreasonable risk of harm. Smith's testimony only indicates that there are additional measures that could be taken, such as placing safety cones at the corner of every pallet display in the store. Smith's testimony is not a concession that pallets constitute an unreasonable risk of harm without the use of safety cones and does not by itself create a material issue of fact in controversy.

The Robertsons argue that "it was unreasonable for [U Save] to use wooden pallets with openings on the side, and that [U Save] should have used pallets that are closed or have something like a cone to stop a patron from getting her foot caught." Brief for appellant at 12. In addition to referencing Smith's testimony about the safety cones, the Robertsons point out a photograph of "the same area of [U Save's] store where [Ellen] fell, which was taken a few weeks after she fell," and which shows a new display "with pumpkins arranged around the pallet covering the opening where [Ellen] caught her foot when she fell." *Id*. However, the suggestion that because the store opted to place pumpkins around the pallet for this particular display is not evidence that the pallet display of watermelons on the day of Ellen's fall was unreasonably dangerous. The fact that the

store designed a display differently for pumpkins than it did for watermelons does not create a factual issue as to whether there was an unreasonable danger created by U Save in its use of the pallet at the time of the accident.

The Robertsons also deposed Bruce Coonce, the store manager for U Save on the day of Ellen's accident. Coonce had 30 years of experience in the grocery store industry. When asked if he knew why Ellen fell, he said "She wasn't paying attention." When asked how he knew that, he said, "Because I would assume that if she was, she would have seen where it says 'Watch your step' on the pallet where she tripped." Coonce was later asked to explain his comment that Ellen was not paying attention when she fell.

Q [by the Robertsons' counsel]: She actually stated to you she wasn't paying attention?

A: Yes. She said she had seen it but then she saw the peaches. And she was actually - even though you could tell she was still hurting, she was actually laughing about it.

Q: And stated she wasn't paying attention, do you know at what point in time she was referring to when she said she wasn't paying attention?

A: All I could imagine is when she fell.

Coonce also testified that he examined the pallet for defects after the fall and found none. He was then asked about pallets used in the grocery store business.

Q [by U Save's counsel]: [] Do - at the other grocery stores that you've worked at, do they use wooden pallets like the ones involved in [Ellen's] incident?

A: Yes.

Q: Has every one of them used them?

A: The only store that would not have used the wooden pallets was the first one when I was like, six, because the store was so small, we couldn't even get a pallet in the store.

Finally, when asked if he thought Ellen was at fault in the accident, Coonce said "I've never had an incident where anybody has ever tripped over a pallet like this before."

Viewed in the light most favorable to the Robertsons, the evidence does not reveal a dispute of material fact surrounding the use of the pallet in the watermelon display. Ellen's assertion that the pallet was unreasonably dangerous is not sufficient evidence to show that the pallet was, in fact, unreasonably dangerous. Ellen identified the pallet as the cause of her accident, labeled the pallet an unreasonable risk, but did not produce evidence as to *why* the pallet presented an unreasonable risk. The Robertsons did not produce any evidence regarding display safety in grocery stores, nor any evidence that other people had tripped over this particular pallet in the U Save store. There is also no evidence that people had tripped over other pallet displays in other stores. The pictures do not show or explain any obvious danger. While the opening at the base of the pallet might allow for a shoe to enter it, to the extent having that side of a pallet exposed might create a danger, it is an open and obvious one, as discussed further below. Coonce's and Smith's testimony demonstrate that wooden loading pallets are commonly used in grocery stores displays,

and in Coonce's 30 years in the grocery store industry, he had never seen anyone trip over a pallet like this before. And, as stated previously, in premises liability cases, the mere fact that an injury or accident occurred does not raise a presumption of negligence. *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003).

The Robertsons failed to present evidence showing an unreasonable risk of harm created by U Save's use of a non-defective wooden loading pallet for a watermelon display, and that the use of the pallet posed such a risk to customers that U Save should not have allowed the use to continue. See *Bahrs v. R M B R Wheels, Inc.*, 6 Neb. App. 354, 574 N.W.2d 524 (1998) (unreasonable risk of harm is risk a reasonably careful person under all circumstances of case would not allow to continue). The Robertsons cannot survive summary judgment by simply identifying the cause of the accident and labeling the cause an unreasonable risk. See *Herrera, supra*. As noted by the Texas Supreme Court, "The mere fact that a store has a customer sampling display cannot, without more, be evidence of a condition on the premises that poses an unreasonable risk of harm." *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (1999). Likewise, U Save's use of a non-defective wooden loading pallet as part of a display cannot, without more, be evidence of an unreasonable risk of harm.

*Distraction Exception to Open and Obvious Danger.*

Even if we assume that the wooden pallet in this case presented an unreasonable risk of harm because the base of the pallet was not closed off, U Save could only be liable if it had or should have had superior knowledge to Ellen that the open pallet base was a dangerous condition. See *Warner v. Simmons*, 288 Neb. 472, 489 N.W.2d 475 (2014) (land possessor is not liable to a lawful entrant on the land unless the land possessor had or should have had superior knowledge of the dangerous condition on the land). In other words, liability can only attach if there was a danger created by the pallet's open base that U Save should have known about that Ellen could not have similarly known about. See *Brandert v. Scottsbluff Nat'l Bank & Trust Co.*, 194 Neb. 777, 235 N.W.2d 864 (1975) (when conditions and circumstances are such that the invitee has knowledge of the condition in advance, or should have knowledge comparable to that of the inviter, then it may not be said that the inviter is guilty of actionable negligence). Ellen was aware of the use of pallets in stores and had seen them used in grocery stores before. Ellen was also aware of this particular pallet, but claims she was distracted at the time of her injury. Coonce had worked in the grocery store industry for 30 years and had never seen anyone trip over a pallet. In fact, the Robertsons "do not dispute that the pallet in question presented an open and obvious danger; however, it is their position that the evidence and inferences to be drawn from it are sufficient to give rise to a genuine issue of material fact as to whether the distraction or deliberate encounter exception to the open and obvious danger rule applies." Brief for appellant at 13. Therefore, even assuming the pallet constituted a dangerous condition because of the opening in its base, the Robertsons concede it was an open and obvious condition. They do not assert that U Save should have been more knowledgeable with regard to any danger created; rather, the Robertsons contend that despite the pallet being an open and obvious danger, the facts of this case give rise to a "distraction or deliberate encounter exception to the open and obvious danger rule[.]" *Id.*

Under the open and obvious doctrine, a possessor of land is not liable to his or her invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. *Hodson v. Taylor*, 290 Neb. 348, 860 N.W.2d 162 (2015). A condition is considered obvious when the risk is apparent to and of the type that would be recognized by a reasonable person in the position of the invitee. *Id.* The rationale behind the open and obvious rule is that the open and obvious nature of the condition gives caution and therefore the risk of harm is slight since reasonable people will avoid open and obvious risks. *Id.* However, a determination that a danger is open and obvious does not end the analysis; a court must also determine whether the landowner should have anticipated that persons using the premises would fail to protect themselves. *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012).

Anticipating harm from an open and obvious danger may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. *Connelly v. City of Omaha*, *supra,* (citing Restatement (Second) of Torts § 343A(1) (1965)).

The Robertsons suggest that there is a genuine issue of material fact as to whether the distraction exception applies to this case. According to the Robertsons:

> [Ellen] testified that she was looking at the peaches when her foot got caught in the pallet. [U Save's] manager, Bruce Coonce, testified that [Ellen] had seen the pallet but she was distracted by the peaches. Given this evidence and the inferences that may be drawn from it, a material question of fact is created as to whether [U Save] should have anticipated that customers would fail to protect themselves from the risk of harm created when it used the wooden pallet as part of a display by being distracted by other merchandise located near the display.

Brief for appellant at 14.

The record establishes that Ellen was aware of the pallet before she tripped and fell; she has acknowledged it as an open and obvious condition. There is no evidence in the record to support why U Save would expect that Ellen would fail to protect herself by simply watching where she was walking. The "distraction" suggested by the Robertsons consists of ordinary grocery store products, in this case, peaches. The Robertsons appear to suggest that Ellen was so distracted by the peaches that she should not be expected to watch where she was walking and avoid tripping over the pallet, of which she was aware. However, an ordinary and prudent person would not be so distracted by produce that they would fail to observe the condition of the floor surrounding them. See 65A C.J.S. *Negligence* § 735 (2017). Absent unusual circumstances not evident in the record before us, lawful entrants to grocery stores should be able to safely negotiate their way around non-defective grocery store displays even while looking at the store's merchandise. To allow for premises liability on the basis that a customer tripped over an open and obvious item because the customer was "distracted" by seeing other merchandise would cause the exception to swallow the rule. Even when viewing the evidence most favorably for the Robertsons and giving them the benefit of all reasonable inferences deducible from that evidence, the distraction exception to the open and obvious danger rule is not supported by the record before us.

CONCLUSION

The district court did not err in granting U Save's motion for summary judgment. There is no issue of material fact and U Save is entitled to judgment as a matter of law for the reasons discussed above.

AFFIRMED.

RIEDMANN, Judge, participating on briefs.